376 So.2d 1161 (1979)
In re FLORIDA EVIDENCE CODE.
No. 57115.
Supreme Court of Florida.
November 8, 1979.
L. David Shear, President of The Florida Bar, Tampa, M. Craig Massey, Chairman, Florida Bar Judicial Administration Selection and Tenure Committee, Lakeland, and John A. Boggs, Asst. Staff Counsel, Tallahassee, for response of The Florida Bar.
Larry S. Stewart, President of the Academy of Florida Trial Lawyers, Miami, for response of the Academy of Florida Trial Lawyers.

CLARIFYING OPINION
PER CURIAM.
In accordance with our opinion rendered on June 28, 1979, concerning the Florida Evidence Code, The Florida Bar and the Florida Academy of Trial Lawyers have filed suggestions regarding the Code. The Florida Bar Board of Governors, after receiving reports from the Judicial Administration Selection and Tenure Committee, has advised the Court that "the Florida Evidence Code on the whole is a good work product and ... there were no specific recommendations as to suggested changes in, or objections, to specific rules." It is the position of the Bar "that objections to individual rules, based on content can best be handled on a case-by-case basis."
However, the Bar has suggested there may be uncertainty concerning the date of applicability of the new code. We affirmatively state that our opinion of June 28, 1979, adopted section 90.103, Florida Statutes, in its entirety. By our prior opinion this Court had no intention to change the effective date and applicability provision contained in section 90.103.
The Code, as adopted by the legislature, contains section 90.103(2) pertaining to the commencement of its application, which provides:
This act shall apply to civil actions accruing after the effective date of this code, to criminal proceedings related to crimes committed after the effective date *1162 of this code, and to other proceedings brought after the effective date of this code.
Chapter 78-361, Laws of Florida (1978), provides that the act take effect July 1, 1979.
We read this provision to mean that the Evidence Code, including the procedural portion adopted by this Court, shall apply to (1) criminal proceedings related to crimes committed on or after July 1, 1979; (2) civil actions accruing after July 1, 1979; and (3) other proceedings brought after July 1, 1979.
The Bar also advocates a change in the applicability of the Code in regard to civil actions. It is recommended that, to avoid potential confusion, the Code should be amended to apply to all civil proceedings pending on or brought after July 1, 1979, rather than to civil actions accruing after July 1, 1979. The Florida Academy of Trial Lawyers endorses the position of the Florida Bar.
We recognize the merit of the Bar's position. The provision making the Code applicable to civil actions accruing after July 1, 1979, will cause application difficulties in some instances. For example, in a products liability action against both the retailer and the manufacturer, this provision could hold the Code applicable to the retailer of the product but not to the manufacturer. We agree that in order to avoid this type of problem, which can cause unnecessary legal disputes and resulting costs and delay to litigants, a concerted effort should be made to have the Code amended to be applicable to all pending proceedings for which the trial has not commenced on the effective date. Unfortunately, we have no authority to change the applicability provision without first finding the entire Code to be procedural. We adopt the Bar recommendation that the legislature act promptly to amend the applicability provision. Should the legislature undertake such action, this Court will act expeditiously concerning the procedural segments of the Code.
For the reasons expressed, our order in this cause rendered on June 28, 1979, is clarified.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.