782 So.2d 339 (2000)
In re AMENDMENTS TO THE FLORIDA EVIDENCE CODE.
No. SC00-607.
Supreme Court of Florida.
October 26, 2000.
Ronald M. Rosengarten, Past-Chair, Miami, Florida, Keith H. Park, Chair, West Palm Beach, Florida, and Pedro Julio Martinez-Fraga, Committee Member, of Greenberg Traurig, P.A., Miami, Florida, on behalf of The Florida Bar Code and Rules of Evidence Committee; John F. Harkness, Jr., Executive Director, Harvey J. Sepler, Chair, Criminal Law Section, and Robert F. Spohrer, Chair, Trial Lawyers Section, The Florida Bar, Tallahassee, Florida; Charles W. Ehrhardt, Florida State University, College of Law, Tallahassee, Florida; and Thomas E. Warner, Solicitor General, and T. Kent Wetherell, II and Richard A. Hixson, Deputy Solicitors General, Tallahassee, Florida, for Petitioner.
William C. Gentry, Jacksonville, Florida; Wayne Hogan of Brown, Terrell, Hogan, Ellis, McClamma & Yegelwel, Jacksonville, Florida; Lawrence J. Block, Jr. of Searcy, Denney, Scarola, et al., West Palm Beach, Florida, William C. Gentry of the Law Office of W.C. Gentry, P.A., Jacksonville, Florida, and Wayne Hogan of Brown, Terrell, Hogan, Ellis, McClamma & Yegelwel, P.A., Jacksonville, Florida, for The Academy of Florida Trial Lawyers; Julianne M. Holt, Public Defender and John J. Skye, Assistant Public Defender, Tampa, Florida; James T. Miller, Jacksonville, Florida, Chair, Amicus Curiae Committee, on behalf of Florida Association of Criminal Defense Lawyers; Thomas D. Shults of Kirk & Pinkerton, P.A., Sarasota, Florida; and Dan Cytryn, Tamarac, Florida, Responding.
PER CURIAM.
We have for consideration the quadrennial report of The Florida Bar Code and Rules of Evidence Committee (the Committee), concerning amendments to the Florida Evidence Code which were made by the Legislature over the past four years. We have jurisdiction. Art. V, § 2(a), Fla. Const.
In its report, the Committee recommends that the Court adopt chapters 96-215, section 8, and 96-409, section 2 (both creating section 90.4025, Florida Statutes, Admissibility of paternity determination in certain criminal prosecutions); 96-330, section 2 (changing a statutory reference in section 90.803(8), Florida Statutes, Hearsay exceptions; availability of declarant immaterial; Public Records and Reports); 98-48, section 1 (creating section 90.5015, Florida Statutes, Journalist's privilege); 98-403, section 127 (changing a statutory reference in section 90.5036, Florida Statutes, Domestic violence advocate-victim privilege); 99-2, section 27 (changing a statutory reference in section 90.4025, Florida Statutes, Admissibility of paternity determination in certain criminal prosecutions); 99-2, section 28 (reenacting section 90.503, Florida Statutes, Psychotherapist-patient privilege); 99-2, section 29 (amending section 90.953, Florida Statutes, Admissibility of duplicates); 99-8, section 5 (amending section 90.503, Florida Statutes, Psychotherapist-patient privilege); 99-8, section 6 (amending section 90.6063(5)(b), Florida Statutes, Interpreter services for deaf person); and 99-225, section 13 (amending section 90.407, Florida Statutes, Subsequent remedial measures), Laws of Florida. However, the Committee recommends against the adoption of chapter 98-2, section 1, Laws of Florida, *340 which amends section 90.803(22), Florida Statutes, (Hearsay exception; availability of declarant immaterial; Former Testimony). The recommendations were approved by the Board of Governors by a vote of thirty-three to zero.
The Committee's recommendations were originally published for comment in the April 15, 2000 issue of The Florida Bar News. When no comments were filed, the Court issued an order specifically seeking comments on the Committee's recommendation concerning chapter 98-2, section 1[1] and scheduled oral argument solely on that recommendation. The Court also republished the Committee's recommendation not to adopt chapter 98-2, section 1 for comments. A number of comments were filed, the clear majority of which support the Committee's recommendation or opposed the amendment for other reasons.

CHAPTER 98-2, SECTION 1, LAWS OF FLORIDA
Chapter 98-2, section 1, Laws of Florida, amends section 90.803(22), Florida Statutes, which allows for the admission of former testimony even though the declarant is available as a witness:
90.803 Hearsay exceptions; availability of declarant immaterial.The provision of s. 90.802 to the contrary notwithstanding, the following are not inadmissible as evidence, even though the declarant is available as a witness:
(22) FORMER TESTIMONY.Former testimony given by the declarant which testimony was given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, or a person with a similar interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination, provided, however, the court finds that the testimony is not inadmissible pursuant to s. 90.402 or s. 90.403. at a civil trial, when used in a retrial of said trial involving identical parties and the same facts.
Ch. 98-2, § 1, Laws of Fla. As noted by the Committee, chapter 98-2, section 1 effectively replaces the narrow section 90.803 hearsay exception for "former testimony," which applies regardless of a declarant's availability to testify, with the much broader section 90.804 "former testimony" exception,[2] which only applies when the declarant is unavailable.[3]
Committee Substitute for House Bill 1597, the bill ultimately enacted as chapter 98-2, section 1, was originally passed by the Legislature in 1997. See Fla. S. Jour. *341 1242 (Reg.Sess.1997); Fla. H. Jour. 1754 (Reg.Sess.1997). However, the bill as passed was vetoed by then Governor Chiles whose veto message stated, in pertinent part:
I cannot support Committee Substitute for House Bill 1597 because it reduces a party's ability to confront and question a witness. I do not see as beneficial a reform to the Evidence Code which creates an open-ended exception that precludes the right of a litigant to cross-examine witnesses at trial. This bill would primarily operate to the benefit of multi-state corporations that have engaged in excessive litigation throughout the country in many venues and jurisdictions. These multi-state corporations would have a distinct advantage of being able to pick and choose from depositions that have never been made public records, and offer these depositions as testimony. The opposing party would not have the right to confront the declarant about the statements.
Further, I am concerned that the proposed legislation precludes a fact-finder from evaluating a witness' demeanor and credibility. The proposed legislation would allow a party to conduct a trial by deposition, even if the declarant is available to testify.
Veto of Fla. CS for HB 1597 (1997) (letter from Gov. Chiles to Sec'y of State Sandra B. Mortham, May 29, 1997) (on file with Sec'y of State, The Capitol, Tallahassee, Fla.). Then, during the 1998 regular session, the Legislature overrode the Governor's veto. See Fla. H. Jour. 119 (Reg. Sess.1998); Fla. S. Jour. 148 (Reg.Sess. 1998). That "override amendment" is at issue here.
The Code and Rules of Evidence Committee and those who filed comments in opposition to chapter 98-2, section 1 raise a number of significant concerns, many of which echo the concerns voiced in the Governor's veto message. The reasons offered for not adopting the amendment include such things as: (1) the amendment violates a defendant's constitutional right to confront adverse witnesses; (2) this expanded former-testimony hearsay exception would result in "trial by deposition," thereby precluding the fact-finder from evaluating witness credibility; (3) the amendment simply strips the section 90.804(2)(a) former-testimony exception of its "unavailability" requirement, thereby making the section 90.804 exception obsolete; (4) the amendment is inconsistent with several rules of procedure, thereby causing confusion as to which rule should control;[4] and (5) the expanded hearsay exception will shift expense burdens relating to the introduction of evidence from the proponent of the testimony to the party against whom the testimony is being offered who will have to call witnesses in order to challenge the testimony. The majority of those who filed comments ask us to declare chapter 98-2, section 1 procedural in nature and refuse to adopt it because of the above listed concerns.
We agree that this Court should not adopt chapter 98-2, section 1 to the extent it may be procedural. However, we decline to address the substantive/procedural issue until such time as the issue comes before the Court in a true "case or controversy," because to do otherwise would effectively pass on the constitutionality of the legislation itself. We do not reach this decision lightly. In the past, recognizing *342 that the Florida Evidence Code is both substantive and procedural in nature, this Court has adopted the Evidence Code as originally enacted as well as later amended by the Legislature. See In re Fla. Evidence Code, 372 So.2d 1369 (Fla.1979) (adopting Evidence Code to the extent it is procedural), clarified, In re Florida Evidence Code, 376 So.2d 1161 (Fla.1979); see also Florida Bar re Amendment of Fla. Evidence Code, 404 So.2d 743 (Fla.1981); In re Amendment of Fla. Evidence Code, 497 So.2d 239 (Fla.1986) (adopting amendments to Code to the extent they are procedural); In re Florida Evidence Code, 638 So.2d 920 (Fla.1993) (same); In re Florida Evidence Code, 675 So.2d 584 (Fla. 1996) (same). Our decision not to adopt chapter 98-2, section 1 comes after much deliberation and is based on many of the concerns raised by those who oppose the amendment, most significantly the grave concerns about the constitutionality of the amendment.
Our decision not to adopt the amendment also is based on the inescapable conclusion that this amendment, which as drafted would appear to apply to both civil and criminal proceedings, is an unacceptable change to a long-standing rule of evidence. Unlike the exceptions to the hearsay rule which this Court adopted to the extent they were procedural when the Evidence Code was first enacted, chapter 98-2, section 1 is not based on well established law; nor is it modeled after the Federal Rules of Evidence. See Charles W. Ehrhardt, Florida Evidence § 802.1 (2000 ed.) (stating that hearsay exceptions contained in sections 90.803 and 90.804 generally restate the law that existed prior to the adoption of the Evidence Code). Moreover, we can find no other jurisdiction with a similarly broad former-testimony exception to the hearsay rule. In fact, the only former-testimony exception recognized in the Federal Rules of Evidence requires that the declarant be "unavailable." See Fed.R.Evid. 804(b)(1); Ehrhardt, supra, § 803.22a.

CONCLUSION
After considering the Committee's recommendations, reviewing the comments, and hearing oral argument, we adopt chapters 96-215, section 8; 96-330, section 2; 96-409, section 2; 98-48, section 1; 98-403, section 127; 99-2, section 27; 99-2, section 28; 99-2, section 29; 99-8, section 5; 99-8, section 6; and 99-225, section 13, Laws of Florida, to the extent they are procedural; but we decline to adopt chapter 98-2, section 1. The amendments are effective on the dates the various bills became law.
It is so ordered.
WELLS, C.J., and SHAW, ANSTEAD, PARIENTE and QUINCE, JJ., concur.
LEWIS, J., concurs specially with an opinion, in which SHAW, J., concurs.
HARDING, J., concurs in result only.
LEWIS, J., specially concurring.
I concur in the majority's decision to adopt, to the extent they are procedural, all of the legislative amendments to the Evidence Code at issue here, except chapter 98-2, section 1, Laws of Florida. I share the majority's compelling concerns about the wisdom as well as the constitutionality of chapter 98-2, section 1. However, to avoid any unnecessary litigation and confusion in the courts, I would go further and conclude that chapter 98-2, section 1, although well intentioned, is an unacceptable "rule of procedure," and make clear that it is, in its entirety, ineffectual. See generally In re Florida Rules of Criminal Procedure, 272 So.2d 65, 65-66 (Fla.1972) (Adkins, J., specially concurring) (discussing the difference between "practice and *343 procedure" and substantive law, and observing, inter alia, that "[t]he term `rules of practice and procedure' includes all rules governing the parties, their counsel and the Court throughout the progress of the case from the time of its initiation until final judgment and its execution"). The proposed rule is not based upon recognized legal principles and no other jurisdiction has adopted such a broad exception to the hearsay rule. This Court has consistently acted to
avoid multiple appeals and confusion in the operation of the courts [which would be] caused by assertions that portions of the evidence code are procedural and, therefore, unconstitutional because they had not been adopted by this Court under it rule-making authority.
See In re Florida Evidence Code, 372 So.2d 1369 (Fla.1979) (adopting Evidence Code to the extent it is procedural), clarified, In re Florida Evidence Code, 376 So.2d 1161 (Fla.1979); see also Florida Bar re Amendment of Fla. Evidence Code, 404 So.2d 743 (Fla.1981); In re Amendment of Fla. Evidence Code, 497 So.2d 239 (Fla.1986) (adopting amendments to Code to the extent they are procedural); In re Florida Evidence Code, 638 So.2d 920 (Fla. 1993) (same); In re Florida Evidence Code, 675 So.2d 584 (Fla.1996) (same). I see no reason to wait for or encourage a separate dispute to arise before providing guidance to the judiciary and the public concerning this provision. If the proposed change is an unacceptable rule of procedure, we should address the answer in a direct fashion to avoid any unnecessary waste of both judicial and litigation resources. The bench, bar, and public should not be required to engage in futile efforts only to face the same conclusion we announce today in a different form with simply more specifically stated reasoning.
Recognizing the importance of a cooperative effort in this matter involving both substantive and procedural areas of mutual concern, I suggest that it may be time to consider and discuss some type of formalization of a cooperative venture in an attempt to properly harmonize the elements necessarily involved in the process rather than permitting an atmosphere to exist in which unnecessary conflict may arise. Those legislative and judicial leaders who have walked before us have worked diligently to promote and maintain a cooperative joint effort to enhance the administration of justice for the people of Florida. We must all not only continue that effort, but should also discuss and explore methods that will enhance cooperative spirit and action.
SHAW, J., concurs.
NOTES
[1] See Amendments to the Florida Rules of Evidence, No. SC00-607 (Fla. July 13, 2000) (unpublished order).
[2] Section 90.804(2)(a), Florida Statutes, provides an exception to the hearsay rule for:

Former testimony.Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.
Chapter 98-2, section 1 differs slightly by providing: "in a civil action or proceeding, a predecessor in interest, or a person with a similar interest."
[3] A declarant is "unavailable" when he or she does not have to testify due to privilege, refuses to testify, or cannot testify because of a lack of memory; death or illness. See § 90.804(1), Florida Statutes (1999).
[4] See e.g. Fla. R. Civil P. 1.330(a)(3) (governing when a deposition can be used in court proceedings); Fla. R.Crim. P. 3.640(b)(governing the use of former testimony at a new trial); 3.190(j)(6) (providing that no deposition shall be used or read into evidence when the witness is available).