PARIENTE, J.,
concurring.
I concur in the majority opinion, and write separately to explain why, from my perspective, this Court has omitted a burden of proof from the rule we adopt today. Regarding the burden of proof, I share the concerns about the constitutionality of the “clear and convincing” standard contained in the comments of the Criminal Court Steering Committee on the proposed rule. In recommending a “preponderance” standard, the Committee expressed doubts that the statutory “clear and convincing” burden of proof is constitutional under Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), and Cooper v. Oklahoma, 517 U.S. 348, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996). In Atkins, which was decided after the enactment of section 921.137, Florida Statutes, the United States Supreme Court held that the Eighth Amendment bars the execution of mentally retarded defendants otherwise eligible for the death penalty. Although in Atkins the Court did not discuss the proper burden of proof, in Cooper the Court *567 held that a state law requiring a defendant to establish incompetence to stand trial by clear and convincing evidence was unconstitutional.
Because of concerns about whether the burden of proof is a substantive or procedural requirement and further concerns over whether a “preponderance of evidence” burden of proof may be constitutionally required under Atkins and Cooper, it is preferable to omit the burden of proof enunciated by the legislature from our rule of procedure regarding mental retardation. In exercising our rulemaking authority, we have on several occasions declined to adopt proposed rule amendments because of doubts over their constitutionality. See In re Amendments to the Florida Evidence Code, 782 So.2d 339, 341-42 (Fla.2000) (citing “grave concerns about the constitutionality” of an amendment to the evidence code); Amendments to the Florida Rules of Criminal Procedure, 794 So.2d 457, 457 (Fla.2000) (declining to adopt rule that would have removed requirement of attesting witnesses to out-of-court waiver of counsel “[sjince all waivers of counsel must be voluntary”). Our omission of a burden of proof from the rule we adopt today leaves the trial courts obligated to either apply the clear and convincing evidence standard of section 921.137(4), or find that standard unconstitutional in a particular case. The issue will then come to us in the form of an actual case or controversy rather than a nonadversarial rules proceeding.
I also write to suggest that the Legislature amend the burden of proof set forth in section 921.137 in light of Atkins. When the Legislature enacted section 921.137 in 2001, the United States Supreme Court had not yet recognized a constitutional prohibition on imposing the death penalty on mentally retarded individuals. Atkins made the prohibition a matter of constitutional law. Further, the clear majority of States with statutes concerning mental retardation as a bar to the death penalty require that the defendant establish retardation by a preponderance of the evidence. See Ex parte Briseno, 135 So.2d 1, 9, 2004 WL 244826, at *5 (Tex.Crim.App. Feb. 11, 2004) (noting that the preponderance standard has been adopted in twelve of the nineteen states with statutes on the subject). In Briseno, the Texas Court of Criminal Appeals, relying in part on proposed legislation, recently adopted the “preponderance” standard for use in postconviction challenges to death sentences. See id.
Amendment of the burden of proof could eliminate potentially lengthy litigation on the constitutionality of the statutory standard and the delay in capital cases in which mental retardation is an issue. For all these reasons, I suggest that the Legislature reconsider the burden of proof requirements of section 921.137(4) in light of Atkins, Cooperi and the. choice made by the majority of states that have addressed the issue.
ANSTEAD, C.J., concurs.