# Supreme Court of Florida

_____

No. SC13-98

_____

IN RE: AMENDMENTS TO THE FLORIDA EVIDENCE CODE.

[July 10, 2014]
REVISED OPINION

PER CURIAM.

The case is before the Court upon the motion for rehearing filed by the Florida Bar Code and Rules of Evidence Committee. We grant the motion for rehearing, withdraw our prior opinion dated December 12, 2013, and substitute the following in its place:

We have for consideration the regular-cycle report filed by the Florida Bar Code and Rules of Evidence Committee (Committee) concerning recent legislative changes to the Florida Evidence Code (Code), see ch. 2011-183, § 1, Laws of Fla.; ch. 2012-152, § 1, Laws of Fla.; and to section 766.102(12) of the Florida Statutes, see ch. 2011-233, § 10, Laws of Fla. We have jurisdiction. See art. V, § 2(a), Fla. Const.

- 1 -

The Committee recommends that the Court adopt the above provisions to the extent that they concern court procedure. The amendments at issue in this case are those enacted by the Florida Legislature since this Court last considered amendments to the Florida Evidence Code. See In re Amends. to the Fla. Evidence Code, 53 So. 3d 1019 (Fla. 2011). For the reasons discussed below, we decline to adopt two of the Committee's three recommendations.

In chapter 2011-183, section 1, Laws of Florida, the Legislature enacted section 90.5021, Florida Statutes, which establishes a "fiduciary lawyer-client privilege." According to the Committee, whether a fiduciary is entitled to the lawyer-client privilege when the fiduciary employs an attorney in connection with his or her fiduciary duties has been an issue in several cases; for example, the Committee cites Jacob v. Barton, 877 So. 2d 935 (Fla. 2d DCA 2004), and Tripp v. Salkovitz, 919 So. 2d 716 (Fla. 2d DCA 2006). We decline to follow the Committee's recommendation to adopt the new provision of the Code because we question the need for the privilege to the extent that it is procedural.

In chapter 2012-152, section 1, Laws of Florida, the Legislature amended section 90.804 to include the hearsay exception of "Statement offered against a party that wrongfully caused the declarant's unavailability." See § 90.804(2)(f), Fla. Stat. (2012). According to the Committee, the provision is a codification of the common law rule that one who wrongfully procures the absence of a witness

from court cannot complain of the admission of the hearsay statement of the witness. See Reynolds v. United States, 98 U.S. 145, 158-59 (1878). We adopt chapter 2012-152, section 1, Laws of Florida, to the extent that the provision is procedural.

Finally, in chapter 2011-233, section 10, Laws of Florida, the Legislature created section 766.102(12), Florida Statutes, which provides as follows:

> 766.102  Medical negligence; standards of recovery; expert witness.
>
> (12)  If a physician licensed under chapter 458 or chapter 459 or a dentist licensed under chapter 466 is the party against whom, or on whose behalf, expert testimony about the prevailing professional standard of care is offered, the expert witness must be licensed under chapter 458, chapter 459, or chapter 466 or possess a valid expert witness certificate issued under s. 458.3175, s. 459.0066, or s. 466.005.

§ 766.102(12), Fla. Stat. (2012). The Committee voted 14-13 to recommend that the statutory provision be adopted as a rule of procedure to the extent that it is procedural. The Board of Governors voted 34-5 to recommend that the Court reject the Committee's proposal, on the grounds that the provision is unconstitutional, will have a chilling effect on the ability to obtain expert witnesses, and is prejudicial to the administration of justice. Numerous comments were filed with respect to this proposal, all in opposition to its adoption. After hearing oral argument and carefully considering the Committee's recommendation

in light of those comments, we decline to follow this recommendation due to the concerns raised.

Accordingly, the Court declines to adopt chapter 2011-183, section 1 or chapter 2011-233, section 10, Laws of Florida, to the extent they are procedural. The Court adopts chapter 2012-152, section 1, Laws of Florida, as provided in the appendix to this opinion to the extent that the provision is procedural. Our adoption of the amendment is effective retroactively to the date the amendment became law.[1]

It is so ordered.

LABARGA, C.J., and LEWIS, QUINCE, POLSTON, and PERRY, JJ., concur.
PARIENTE, J., concurs in part and dissents in part with an opinion.
CANADY, J., concurs in part and dissents in part with an opinion.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

PARIENTE, J., concurring in part and dissenting in part.

I concur in the majority's decision to decline to adopt chapter 2011-183, section 1, and chapter 2011-233, section 10, Laws of Florida, to the extent they are procedural, for the reasons stated in the majority opinion. I dissent, however, from the majority's decision on rehearing to adopt chapter 2012-152, section 1, Laws of

_____

1. Chapter 2012-152, section 1, Laws of Florida, became effective on April 27, 2012.

Florida, in light of my continued concerns as to the constitutional implications of this provision as it is applied.[2]

Specifically, chapter 2012-152, section 1, which added a new hearsay exception to section 90.804(2), Florida Statutes, entitled "Statement offered against a party that wrongfully caused the declarant's unavailability," raises potential Sixth Amendment issues. Clearly, the constitutionality of the amended statute is not currently before us, and a determination of its constitutionality will require the consideration of this doctrine as applied in an actual case or controversy, where the statement of an unavailable declarant is admitted pursuant to this newly added hearsay exception and the issue is raised and argued by the parties. When this Court previously has had significant constitutional concerns regarding a new provision in the Florida Evidence Code, however, the Court has declined to adopt the statutory amendment as a rule. See In re Amends. to the Fla. Evidence Code, 782 So. 2d 339, 341 (Fla. 2000) (declining to adopt the former testimony exception to the hearsay rule because of constitutional concerns and awaiting a "case or controversy" in order to pass on the constitutionality of the legislation itself).

_____

2. In the past, and in the absence of significant concerns, this Court has generally approved of amendments to the Florida Evidence Code based on statutes passed by the Legislature, with the proviso that we were adopting the provisions as rules "to the extent they are procedural." In re Amends. to the Fla. Evidence Code, 782 So. 2d 339, 342 (Fla. 2000). Recognizing that "the Florida Evidence Code is both substantive and procedural in nature, this Court has adopted the Evidence Code as originally enacted as well as later amended by the Legislature." Id.

In support of the amendment, the Florida Bar Code and Rules of Evidence Committee asserts that chapter 2012-152, section 1, is merely a codification of the common law, and that Giles v. California, 554 U.S. 353 (2008), "confirms" that this provision is constitutional. In adopting the Committee's proposal to the extent it is procedural, the majority simply cites to the Committee's reliance on Reynolds v. United States, 98 U.S. 145, 158-59 (1878), as support for its position that chapter 2012-152, section 1, codifies the common law. While not itself an endorsement of the statute's constitutionality, the majority's failure to refer to the more recent pronouncement of the United States Supreme Court on this issue in Giles, also cited by the Committee, leaves this Court's analysis and approval of the proposal incomplete. A thorough review of Giles demonstrates that this issue is more nuanced and complex than the Committee contends.

In Giles, the Supreme Court addressed "whether a defendant forfeits his Sixth Amendment right to confront a witness against him when a judge determines that a wrongful act by the defendant made the witness unavailable to testify at trial." 554 U.S. at 355. Reviewing the doctrine of "forfeiture by wrongdoing," which at common law permitted the introduction of statements of a witness who was "detained" or "kept away" by the "means or procurement" of the defendant, the Supreme Court explained that the forfeiture exception "applied only when the defendant engaged in conduct designed to prevent the witness from testifying." Id.

- 6 -

at 359.  The Supreme Court stated that the "manner in which the rule was applied [at common law] makes plain that unconfronted testimony would <u>not</u> be admitted without a showing that the defendant intended to prevent a witness from testifying."  <u>Id.</u> at 361.

As further articulated by the Supreme Court:

In cases where the evidence suggested that the defendant had caused a person to be absent, but had not done so to prevent the person from testifying—as in the typical murder case involving accusatorial statements by the victim—the testimony was excluded unless it was confronted or fell within the dying-declarations exception. <u>Prosecutors do not appear to have even argued that the judge could admit the unconfronted statements because the defendant committed the murder for which he was on trial.</u>

<u>Id.</u> at 361-62 (emphasis added).  In other words, "American courts never—prior to 1985—invoked forfeiture outside the context of deliberate witness tampering."  <u>Id.</u> at 366.

Although the Supreme Court acknowledged in <u>Giles</u> that it had previously approved a Federal Rule of Evidence for "forfeiture by wrongdoing," which the state version enacted by the Florida Legislature in 2012 tracks, the Supreme Court emphasized that the requirement of intent in the rule is critical and has been interpreted narrowly by commentators and treatises to mean "that the exception applies only if the defendant has in mind the particular purpose of making the witness unavailable."  <u>Id.</u> at 367 (quoting 5 C. Mueller & L. Kirkpatrick, Federal Evidence § 8:134, p. 235 (3d ed. 2007)).  Thus, as <u>Giles</u> makes clear, the specific

intent of the defendant to deliberately prevent the witness from testifying through bribery, intimidation, or other means is of constitutional significance in any analysis of the "forfeiture by wrongdoing" rule:

> The absence of a forfeiture rule covering [conduct designed to prevent a witness from testifying] would create an intolerable incentive for defendants to bribe, intimidate, or even kill witnesses against them. There is nothing mysterious about courts' refusal to carry the rationale further. The notion that judges may strip the defendant of a right that the Constitution deems essential to a fair trial, on the basis of a prior <u>judicial</u> assessment that the defendant is guilty as charged, does not sit well with the right to trial by jury. It is akin, one might say, to "dispensing with jury trial because a defendant is obviously guilty." <u>Crawford</u>, 541 U.S., at 62.

<u>Id.</u> at 365.

The Supreme Court also noted that, at common law, the doctrine of "forfeiture by wrongdoing" was "never" invoked in murder prosecutions like <u>Giles</u>, where the victim's prior statements inculpated the defendant. <u>Id.</u> at 367. Moreover, in rejecting a broader interpretation of the "forfeiture by wrongdoing" doctrine, which was advanced by the dissenting opinion in that case, the Supreme Court stated that its narrow interpretation of the intent requirement in the common-law forfeiture rule was supported by "the common law's uniform exclusion of unconfronted inculpatory testimony by murder victims (except testimony given with awareness of impending death) in the innumerable cases in which the defendant was on trial for killing the victim, but was not shown to have done so for the purpose of preventing testimony." <u>Id.</u> at 368.

The problem and possible constitutional implications of the doctrine of "forfeiture by wrongdoing," now included in the Florida Evidence Code, are thus not with the concept itself, but with the way it may be applied—that is, what will be the predicate for admissibility?  Although agreeing in Giles with the Supreme Court's historical analysis of the narrow "forfeiture by wrongdoing" doctrine, Justice Souter, joined by Justice Ginsburg, still remained concerned about the constitutional implications of this doctrine if not applied in a limited way, stating as follows in a separate concurring-in-part opinion:

> As the Court demonstrates, the confrontation right as understood at the framing and ratification of the Sixth Amendment was subject to exception on equitable grounds for an absent witness's prior relevant, testimonial statement, when the defendant brought about the absence with intent to prevent testimony.  It was, and is, reasonable to place the risk of untruth in an unconfronted, out-of-court statement on a defendant who meant to preclude the testing that confrontation provides.  The importance of that intent in assessing the fairness of placing the risk on the defendant is most obvious when a defendant is prosecuted for the very act that causes the witness's absence, homicide being the extreme example.  If the victim's prior statement were admissible solely because the defendant kept the witness out of court by committing homicide, admissibility of the victim's statement to prove guilt would turn on finding the defendant guilty of the homicidal act causing the absence; evidence that the defendant killed would come in because the defendant probably killed.  The only thing saving admissibility and liability determinations from question begging would be (in a jury case) the distinct functions of judge and jury: judges would find by a preponderance of evidence that the defendant killed (and so would admit the testimonial statement), while the jury could so find only on proof beyond a reasonable doubt.  Equity demands something more than this near circularity before the right to confrontation is forfeited, and more is supplied by showing

- 9 -

> intent to prevent the witness from testifying. Cf. Davis v.
> Washington, 547 U.S. 813, 833 (2006).

Id. at 379 (Souter, J., concurring in part) (emphasis added).

With the adoption of the "forfeiture by wrongdoing" doctrine as narrowly set forth in section 90.804(2), the critical question, as demonstrated by Giles, will be the establishment of the procedure for how the unavailable declarant's out-of-court statement could be admitted into evidence in a manner consistent with the Confrontation Clause, which considerably restricts the scope of this hearsay exception. Although the Supreme Court's opinion in Giles may be read to prevent the use of unconfronted statements in the circumstance of a murder prosecution where the victim's prior statements inculpated the defendant—by limiting the admissibility of statements to cases of deliberate witness tampering, id. at 361-62 (majority op.)—the key question for trial courts, as they apply this new hearsay exception in practice, will be to determine the predicate for admissibility. While the Committee asserts that Giles "confirms" the constitutionality of the new exception, Giles explains that a Confrontation Clause violation can be avoided only if the "forfeiture by wrongdoing" doctrine is applied in a narrow manner.

By simply adopting this proposal to the extent it is procedural but not explaining the procedures for admissibility that are at the heart of this exception and its constitutional implications, I am concerned that we are neither promoting the administration of justice nor furthering the goals of the Florida Evidence Code,

which is designed to ensure and increase the reliability and quality of evidence admitted in Florida courts. Because of the nuances connected with this issue, I would await a case or controversy to consider this statute, determine its constitutionality, and, if constitutional, ensure that the procedures for the predicate for admissibility are clearly set forth.

CANADY, J., concurring in part and dissenting in part.

I concur with the majority's decision to adopt the rule proposal based on chapter 2012-152. I would, however, also adopt the two other rule amendments recommended by the Code and Rules of Evidence Committee. I therefore dissent from the rejection of those two proposals.

Original Proceedings – Florida Bar Code and Rules of Evidence Committee

Thomas Charles Allison, Chair, Code and Rules of Evidence Committee, Fox Rothschild LLP, West Palm Beach, Florida; Thomas D. Shults, Past Chair, Code and Rules of Evidence Committee, Kirk-Pinkerton, P.A., Sarasota, Florida; John Harkness, Executive Director, and Ellen Sloyer, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

        for Petitioner

Wayne Lawrence Helsby, Winter Park, Florida, Theodore C. Eastmoore, Sarasota, Florida, and Hector Antonio Moré, Orlando, Florida, on behalf of The Trial Lawyers Section of the Florida Bar; Jay Cohen of the Law Office of Jay Cohen, P.A., Ft. Lauderdale, Florida; Scott Ramsey McMillen of McMillen Law Firm, Orlando, Florida; Stuart Z. Grossman, Neal Allan Roth, Andrew B. Yaffa, Seth Eric Miles, Brett Elliott Von Borke, Natasha Santiago Cortes, Susan C. Odess,

David Marc Buckner, and Robert Cecil Gilbert of Grossman Roth, P.A., Coral Gables, Florida; Gary M. Cohen of Grossman Roth, P.A., Boca Raton, Florida; William E. Partridge and Patrick Stephen McArdle of Grossman Roth and Partridge, Sarasota, Florida; Sean C. Domnick of Domnick and Shevin PL, Palm Beach Gardens, Florida; James William Gustafson, Jr. of Searcy Denney Scarola Barnhart & Shipley, P.A., Tallahassee, Florida; Larry Scott Stewart of Stewart Tilghman Fox Bianchi & Gain, P.A., Miami, Florida; and Lee Delton Gunn, IV of the Gunn Law Group, Tampa Florida,

Responding with comments

# APPENDIX

**Chapter 2012-152, § 1:**

**90.804  Hearsay exceptions; declarant unavailable**

**(1) [No Change]**

**(2) HEARSAY EXCEPTIONS. —The following are not excluded under s. 90.802, provided that the declarant is unavailable as a witness:**

**(a)-(e) [No Change]**

**(f)** *Statement offered against a party that wrongfully caused the declarant's unavailability*  **A statement offered against a party that wrongfully caused, or acquiesced in wrongfully causing, the declarant's unavailability as a witness, and did so intending that result.**