825 So.2d 339 (2002)
In re AMENDMENTS TO THE FLORIDA EVIDENCE CODE.
No. SC02-240.
Supreme Court of Florida.
July 11, 2002.
Vincent W. Howard, Jr., Chair, Code and Rules of Evidence Committee, of Howard & Reyes, Sanford, FL; and John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, FL, for Petitioner.
Nancy A. Daniels, President-elect, and Paula S. Saunders, Assistant Public Defender, Second Judicial Circuit, Tallahassee, FL, on behalf of Florida Public Defender Association; and David De La Paz, Council Director, Council for Healthy Communities, Tallahassee, FL, on behalf of Representative Gus Bilirakis, Chair, Committee on Crime Prevention, Corrections & Safety and, Representative Mike Fasano, Chair, Council for Healthy Communities, Responding.
PER CURIAM.
We have for consideration the regular-cycle report of The Florida Bar Code and Rules of Evidence Committee (the committee), concerning recent legislative changes to the Florida Evidence Code made in chapters 2000-316, sections 1 and 2; 2001-132, section 1; and 2001-221, section 1, Laws of Florida. See Fla. R. Jud. Admin. 2.130(c). We have jurisdiction. See art. V, § 2(a), Fla. Const.
The amendments at issue here are those enacted by the Legislature since the last amendments to the Evidence Code considered *340 by this Court. See In re Amendments to the Florida Evidence Code, 782 So.2d 339 (Fla.2000) (adopting all legislative amendments to the Evidence Code made since 1996 to the extent they were procedural, except chapter 98-2, section 1, Laws of Florida). The committee recommends that the Court adopt chapters 2000-316, sections 1 and 2; and 2001-132, section 1, Laws of Florida.
Chapter 2000-316, section 1, amends section 90.502, Florida Statutes (Lawyer-client privilege), Florida Statutes, to provide that a discussion or activity that is not a meeting for purposes of section 286.011, Florida Statutes, shall not be construed to waive the attorney-client privilege established under section 90.502, and to further provide that the new provision shall not be construed to constitute an exemption to either section 119.07 or section 286.011, Florida Statutes. Chapter 2000-316, section 2, amends subsection (3) of section 90.612, Florida Statutes (Mode and order of interrogation and presentation) to instruct the judge to take special care to protect a witness under age fourteen from questions that are in a form that cannot reasonably be understood by a person of the age and understanding of the witness and to restrict the unnecessary repetition of questions. Chapter 2001-132, section 1, creates section 90.4026, Florida Statutes (Statements expressing sympathy; admissibility; definitions) which provides that portions of statements, writings, or benevolent gestures expressing sympathy or a general sense of benevolence relating to the pain, suffering, or death of a person involved in an accident and made to the person or to the person's family shall not be admissible as evidence in a civil action, but that a statement of fault made as part of or in addition to such statements, writings, or gestures shall be admissible.
The committee recommends against adopting chapter 2001-221, section 1, Laws of Florida, which amends section 90.404(2), Florida Statutes (Character evidence, when admissible; Other crimes, wrongs, or acts). Among other things, this session law creates new paragraph (b) which allows for the admission of evidence of other crimes, wrongs, or acts of child molestation when a defendant is charged with a crime involving child molestation and provides that such evidence may be considered for its bearing on any matter to which it is relevant.[1]
The committee's recommendations were unanimously approved by the Board of Governors of The Florida Bar. The recommendations were published for comment in The Florida Bar News. Two comments were received, both of which address the recommendation not to adopt chapter 2001-221, section 1.
Consistent with the committee's recommendations, we adopt chapters 2000-316, sections 1 and 2; and 2001-132, section 1 to the extent they are procedural. However, after hearing oral argument, and carefully *341 considering the committee's recommendation against adopting chapter 2001-221, section 1, as well as the comments that were filed, we decline to follow this recommendation and also adopt the amendments to section 90.404(2) to the extent they are procedural. In the absence of a true "case and controversy," we express no opinion on the substance of the amendments or on the challenges to chapter 2001-221, section 1, that were raised in these proceedings. The various amendments are effective on the dates they became law.
It is so ordered.
HARDING, WELLS, LEWIS, and QUINCE, JJ., concur.
PARIENTE, J., concurs in part and dissents in part with an opinion, in which ANSTEAD, C.J., and SHAW, J., concur.
ANSTEAD, C.J., and SHAW, J., concur.
PARIENTE, J., concurring in part and dissenting in part.
I dissent from the majority's decision to adopt chapter 2001-221, section 1, which amends section 90.404(2) by creating a paragraph (b). I would instead follow the recommendation of The Florida Bar Code and Rules of Evidence Committee ("Committee") in this case not to adopt this provision as part of our rules. My position is consistent with this Court's recent decision declining to adopt an amendment to the Evidence Code in accordance with the Committee's recommendations based on concerns about the substance of that amendment. See In re Amendments to Florida Evidence Code, 782 So.2d 339, 342 (Fla.2000).
In this case, section 90.404(2)(b), Florida Statutes, allows for the admission of evidence of other crimes, wrongs, or acts of child molestation when a defendant is charged with a crime involving child molestation and provides that such evidence may be considered for its bearing on any matter to which it is relevant.[2] The majority of the Committee recommended that the Court not adopt the amendment to section 90.404(2) based upon the inherent conflicts between the new legislation and sections 90.104(2) (the court should prevent inadmissible evidence from being suggested to the jury), 90.404(1) (character evidence is inadmissible to prove person acted in conformity with that character trait), and 90.404(2)(a) (similar fact evidence is inadmissible when relevant only to prove bad character or propensity).
The addition of subsection (b) substantially abrogates a portion of the Williams[3] rule, as codified in section 90.404(2)(a), which provides for the admissibility of relevant similar fact evidence even though the evidence points to the commission of another crime. See Bryan v. State, 533 So.2d 744, 746 (Fla.1988); see also Charles W. Ehrhardt, Florida Evidence, § 404.9, at 181 (2000 ed.). This amendment to section 90.404(2) also conflicts with other cases from this Court, including Heuring v. State, 513 So.2d 122 (Fla.1987), and Saffor v. State, 660 So.2d 668, 670-71 (Fla. 1995), which expressly address the parameters *342 of the admission of prior acts of misconduct in cases involving sexual abuse.
Although the majority places the caveat that the Court adopts these provisions only "to the extent they are procedural," majority op. at 341, the majority does not explain what portion of subsection (b) is procedural. Further, although I recognize that the majority expresses "no opinion on the substance of the amendments," id., adopting this amendment without clarifying what portions are procedural and what portions are substantive will not assist either the trial courts or the litigants. In light of the conflicts between subsection (b) and prior case law from this Court, and conflicts between subsection (b) and other sections of the rules of evidence, I would decline to adopt any portion of subsection (b) until the substantial issues surrounding its enactment are litigated in the context of an actual case or controversy. For all these reasons, in accordance with the Committee's recommendation, I dissent from the adoption of this amendment.
ANSTEAD, C.J., and SHAW, J., concur.
NOTES
[1] New paragraph (b) is similar to Federal Rule of Evidence 414, Evidence of Similar Crimes in Child Molestation Cases, which provides in pertinent part:

In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.
See Fla. S. Jud. Comm., CS for SB 2012 (2001) Staff Analysis 4 (April 18, 2001) (stating that new paragraph (b) is "similar" to the Rule 414 of the Federal Rules of Evidence); Fla. H.R. Comm. on Crim. Prev., Correct. & Safety, HB 759 (2001) Staff Analysis 5 (June 26, 2001) (stating that new paragraph (b) brings section 90.404(2) into "conformity" with Federal Rule of Evidence 414).
[2] Section 90.404(2)(b) provides:

(b)1. In a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defendant's commission of other crimes, wrongs, or acts of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.
2. For the purposes of this paragraph, the term "child molestation" means conduct proscribed by s. 794.011 or s. 800.04 when committed against a person 16 years of age or younger.
[3] Williams v. State, 110 So.2d 654 (Fla.1959).