PER CURIAM.
We have for consideration the regular-cycle report of The Florida Bar Code and Rules of Evidence Committee (the committee), concerning recent legislative changes to the Florida Evidence Code made in chapters 2002-22, section 18; 2002-246, section 1; and 2003-259, sections 1, 2, and 3, Laws of Florida. See Fla. R. Jud. Admin. 2.130(c). We have jurisdiction. See art. V, § 2(a), Fla. Const.
The amendments at issue are those enacted by the Legislature since the last amendments to the Evidence Code were considered by this Court. See In re Amendments to the Fla. Evidence Code, 825 So.2d 339 (Fla.2002) (adopting all legislative amendments to the Evidence Code made since 2000 to the extent they were procedural). The committee recommends that the Court adopt all of the legislative changes to the Florida Evidence Code. The committee’s recommendations were unanimously approved by the Board of Governors of The Florida Bar. The recommendations were published for comment in The Florida Bar News, and no comments were received.
Chapter 2002-22, section 18, amended section 90.6063, Florida Statutes, to reflect that requests for qualified interpreters for deaf persons are now channeled through the Division of Vocational Rehabilitation of the Department of Education instead of the Vocational Rehabilitation Program Office of the Department of Labor and Employment Security. In chapter 2002-246, section 1, Laws of Florida, the Legislature amended section 90.5035, Florida Statutes, to expand the sexual assault counselor-victim privilege to include trained volunteers and to provide a specific definition for a trained volunteer. Chapter 2003-259, section 1, amended section 90.104(1), Florida Statutes, to eliminate the need for an objection at trial in order to preserve an evidentiary ruling in those cases where the judge made a definitive ruling on the admissibility of the evidence. In chapter 2003-259, sections 2-3, Laws of Florida, *1038 the Legislature created a business records certification process that eliminates the need for a records custodian to testify at trial, thus amending two sections of the Florida Evidence Code. Section 90.803(6), Florida Statutes, was added to provide that any party seeking to offer certain business records can do so by serving written notice of such intent and making this evidence available to all parties sufficiently in advance so a party has a fair opportunity to challenge the admissibility of the evidence before trial.[1] Section 90.902, Florida Statutes, was amended to provide that one does not need extrinsic evidence of authenticity for evidence that is admissible under section 90.803(6), so long as a records custodian certifies that the business record meets certain requirements.
Consistent with the committee’s recommendations, we adopt chapters 2002-22, section 18; 2002-246, section 1; and 2003-259, sections 2 and 3 to the extent they are procedural. As to chapter 2003-259, section 1, we defer consideration of this amendment until we receive supplemental information that we have requested from the committee. Our approval of the various amendments is intended to be effective from the dates the amendments became law.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.

. The Legislature also amended section 90.803(6)(b) to make it easier to understand.