914 So.2d 940 (2005)
In re AMENDMENTS TO THE FLORIDA EVIDENCE CODE  SECTION 90.104.
No. SC05-685.
Supreme Court of Florida.
October 20, 2005.
Aubrey George Rudd, Chair, Code and Rules of Evidence Committee, South Miami, FL, and Phillip J. Jones of Wilkins, Frohlich, Jones, Russell, Hanaoka and Mizell, P.A., Port Charlotte, FL, for Petitioner.
Julianne M. Holt, Public Defender, Thirteenth Judicial Circuit, Tampa, FL, Paula S. Saunders, Co-Chair, FACDL Amicus Curiae Committee, Office of the Public Defender, Tallahassee, FL and Michael Ufferman, Co-Chair, FACDL Amicus Curiae Committee, Tallahassee, FL, for Proponents.
*941 PER CURIAM.
We have for consideration a supplemental report of the Florida Bar Code and Rules of Evidence Committee (the Committee) concerning a recent amendment to section 90.104(1)(b) of the Florida Evidence Code made by chapter 2003-259, section 1, Laws of Florida. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.130(c).
In its latest regular-cycle report concerning recent changes to the Florida Evidence Code, the Committee recommended that the Court adopt the 2003 amendment to section 90.104(1)(b), Florida Statutes, to the extent that it is procedural. See In re Amendments to the Florida Evidence Code, 891 So.2d 1037, 1038 (Fla.2004). Chapter 2003-259, section 1, Laws of Florida, amended section 90.104(1)(b) to eliminate the need for a trial objection in order to preserve an evidentiary issue for appeal when the trial judge has made a definitive ruling on the admissibility of the evidence.[1] In its prior opinion, this Court deferred consideration of this amendment pending a supplemental report from the Committee providing more detail as to why the Committee recommended adoption. Id. at 1038.
The Committee has filed its supplemental report, which was published for comments. Two comments were received, both of which urged adoption of the amendment. In its supplemental report, the Committee cites several reasons for its recommendation. First, the Committee feels that the amendment is consistent with this Court's prior decision in Sheffield v. Superior Insurance Co., 800 So.2d 197, 203 (Fla.2001) (holding that "once a trial court makes an unequivocal ruling admitting evidence over a movant's motion in limine, the movant's subsequent introduction of that evidence does not constitute a waiver of the error for appellate review"). Next, the Committee explains that it was the position of a number of its members who practice criminal law that the amendment to section 90.104 would reduce the number of motions for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. The Committee also points out that the change is consistent with changes made to Federal Rule of Evidence 103(a)(2) in 2000. Finally, the Committee feels that the proposed change will eliminate the problem of "inadvertent waiver" that precludes an appellate court's consideration of an erroneous ruling at trial.
After considering the Committee's original and supplemental reports and the comments filed, we adopt chapter 2003-259, section 1, as provided in the appendix to this opinion to the extent that it is procedural. Our adoption of the amendment is effective on the date it became law.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX
Chapter 2003-259, § 1:

90.104. Rulings on evidence
(1) A court may predicate error, set aside or reverse a judgment, or grant a new trial on the basis of admitted or excluded evidence when a substantial right of the party is adversely affected and:
*942 (a) When the ruling is one admitting evidence, a timely objection or motion to strike appears on the record, stating the specific ground of objection if the specific ground was not apparent from the context; or
(b) When the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer of proof or was apparent from the context within which the questions were asked.
If the court has made a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal.
NOTES
[1] Section 90.104(1)(b), Florida Statutes (2003), in pertinent part, states that "[i]f the court has made a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal."