PER CURIAM.
The Judicial Compensation Work Group has submitted to the Court a proposed new Rule of Judicial Administration addressing judicial compensation. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(g)(1).
BACKGROUND
The Judicial Compensation Work Group (work group) was established by the Chief Justice of this Court in the spring of 2005 for the purpose of “improving the internal Judicial Branch processes for developing and approving proposals relating to judicial compensation and benefits, in a unified manner that effectively spans the levels of court and holistically considers the overall needs of the court system.” Judicial Comp. Work Group, Report and Recommendations 1 (2005). The work group, which consisted of fifteen judges from Florida’s district, circuit, and county courts, was directed to undertake the following tasks:
1. Evaluate the current processes employed in the Florida State Courts System to develop judicial compensation proposals;
2. Review and analyze the processes used by other court systems to develop judicial compensation proposals; and
3. Propose a decision-making protocol for implementation by the Florida State Courts System that unifies the approach to judicial compensation throughout the levels of court.

Id.

In conducting its study, the work group reviewed the following materials:
A memorandum prepared by the National Center for State Courts providing an overview of the use of compensation commissions or benchmarking processes in the various states; a summary of experiences with compensation commissions and other processes for setting judicial compensation in other states prepared by [the Florida Office of the State Courts Administrator]; the most recent National Center for State Courts survey of judicial salaries, dated October 1, 2004; and a study by the American Bar Association and Federal Bar Association on federal judicial pay, dated May 2003.
Id. at 1-2.
The work group issued its final report in August 2005 and made three recommendations: (1) the adoption of a rule of procedure setting forth the judicial branch’s policy with respect to judicial compensation; (2) the adoption of a judicial branch policy with respect to yearly across-the-board pay adjustments; and (3) the establishment of a unified committee on judicial compensation, with a specified membership:
Recommendation One:
*1169 The policy of the Judicial Branch -with respect to judicial compensation should be that each tier of the judiciary should be benchmarked against the Supreme Court justices so that the salary of a district court of appeal judge would be set at 95%, the salary of a circuit court judge should be set at 90%, and the salary of a county court judge would be set at 85% of a Supreme Court justice, respectively.
Further, the work group recommends that this policy should be established in the Rules of Judicial Administration and a recital of the policy made each year in the Judicial Branch Legislative Budget Request as a means of communicating this policy to the Legislature.
Recommendation Two:
The policy of the Judicial Branch should be that judicial officers and employees of the Branch should be included in any across-the-board pay adjustments provided each year to state employees in the Executive and Legislative branches.
Recommendation Three:
The policy of the Judicial Branch should be to establish a unified committee on judicial compensation to address judicial pay matters not covered by the policies outlined in Recommendations One and Two. Membership should include the chairs and chairs-elect of the district court, circuit court, and county court conferences; the chairs and vice chairs of the District Court of Appeal Budget Commission and the Trial Court Budget Commission; and the Chief Justice.
Id. at 2-4. The report and recommendations of the work group were approved by the Court.
The work group submitted a proposed new Rule of Judicial Administration implementing Recommendation One, and the proposed new rule was published for comment in the July 15, 2006, edition of The Florida Bar News. Comments now have been filed by several entities.[1]
AMENDMENTS
The work group proposes adoption of a new Rule of Judicial Administration implementing Recommendation One of its report. The overarching purpose of the proposed new rule is to establish a unified position on judicial compensation that would effectively govern internal activity with respect to judicial pay, as well as external communications with the Legislature. The proposed new rule provides that the salary relationships for the various levels of state judges should be bench-marked at the annual pay of the state supreme court justices: the annual pay of a district court of appeal judge should be ninety-five percent of the annual pay of a supreme court justice; the annual pay of a circuit court judge should be ninety percent of the annual pay of a supreme court justice; and the annual pay of a county court judge should be eighty-five percent of the annual pay of a supreme court justice.
In its comment, the Florida Rules of Judicial Administration Committee (committee) notes that its members voted thirty-seven to two to offer no comment regarding the proposed rule, based on the belief that matters regarding judicial compensation are not within the scope of the committee’s function. The remaining comments are addressed below.
First, as for attorney Krosschell’s comment that the proposal violates the separation of powers doctrine, this is a matter *1170 that may be addressed in a proper ease and controversy, not in this rules case. See In re Amendments to the Fla. Evidence Code, 825 So.2d 339, 341 (Fla.2002); In re Amendments to the Fla. Evidence Code, 782 So.2d 339, 341 (Fla.2000). Second, as for the comments of both FTCSAA and the law clerks’ group that the proposed new rule should include judicial staff attorneys’ and law clerks’ salaries, we note that the work group was charged by the Chief Justice with developing a uniform protocol for addressing judicial compensation, not judicial staff compensation. It would be illogical to use the report for a purpose for which it was never intended and that was never studied or evaluated by the work group. And third, as for the comment of the law clerks’ group that the proposed new rule should provide for representation by law clerks on the judicial compensation committee discussed in Recommendation Three, we apply the same analysis — it would be illogical to use the report for a purpose for which it was never intended and that was never studied by the work group.
Based on the foregoing, we hereby adopt new Rule of Judicial Administration 2.244, Judicial Compensation, as set forth in the appendix to this opinion. We note that the pay scales set forth in this rule are intended to be flexible guidelines, not rigid rules, and we recognize that there will be times when it may be impractical to adhere to these guidelines on a strict annual basis. The new rule shall become effective immediately upon the release of this opinion. We refer the comments of FTCSAA and the law clerks’ group to the Trial Court Budget Commission,[2] and the District Court of Appeal Budget Commission; [3] we express no opinion on those comments.
It is so ordered.
LEWIS, C.J., and ANSTEAD, PARIENTE, and QUINCE, JJ., concur.
WELLS, J., dissents with an opinion.
BELL, J., dissents with an opinion, in which CANTERO, J., concurs.

. Comments have been filed by the following entities: the Florida Rules of Judicial Administration Committee; the Florida Trial Court Staff Attorneys Association (FTCSAA); a group of sixteen judicial law clerks; and attorney Stephen Krosschell.

. See Fla. R. Jud. Admin. 2.230(b)(10) ("The Trial Court Budget Commission is charged with specific responsibility to ... recommend to the supreme court legislative pay plan issues for trial court personnel.”).

. See Fla. R. Jud. Admin. 2.235(b)(10) ("The District Court of Appeal Budget Commission is charged with specific responsibility to ... recommend to the supreme court legislative play plan issues for district court personnel.”).