960 So.2d 762 (2007)
In re AMENDMENTS TO THE FLORIDA EVIDENCE CODE.
No. SC07-178.
Supreme Court of Florida.
July 12, 2007.
The Honorable Dedee S. Costello, Chair, Code and Rules of Evidence Committee, Fourteenth Judicial Circuit, Panama City, FL, and John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, FL, for Petitioner.
PER CURIAM.
We have for consideration the regular-cycle report[1] of The Florida Bar Code and Rules of Evidence Committee (Committee), concerning recent legislative changes to the Florida Evidence Code made in chapter 2005-46, sections 1-2, and chapter 2006-204, section 1, Laws of Florida. We have jurisdiction. See art. V, § 2(a), Fla. Const.
The amendments at issue are those enacted by the Legislature since this Court last considered amendments to the Evidence Code. See In re Amendments to Fla. Evidence CodeSection 90.104, 914 So.2d 940 (Fla. 2005); Amendments to Fla. Evidence Code, 891 So.2d 1037 (Fla. 2004). The Committee recommends that the Court adopt all of the legislative changes to the Florida Evidence Code. The Committee's recommendations were unanimously approved by the Board of Governors of The Florida Bar. The recommendations were published for comment in The Florida Bar News, and no comments were received.
In 2005, the Legislature abolished the "Deadman's Statute," repealing section 90.602, Florida Statutes, which pertained to testimony of interested persons regarding oral communication with a deceased or mentally incompetent person. See ch. 2005-46, § 1, Laws of Fla. In its stead, the Legislature created section 90.804(2)(e), Florida Statutes (2005), which added an exception to the hearsay rule to permit relevant communications of deceased or incompetent persons to be heard by the trier of fact. See ch. 2005-46, § 2, Laws of Fla. The hearsay exception applies in specified actions or proceedings[2] for a *763 statement made by a declarant who is unavailable due to death, illness, or infirmity regarding the same subject matter as a statement made by the declarant that was previously offered by an adverse party and admitted in evidence.
In 2006, the Legislature amended section 90.503, Florida Statutes, to broaden the psychotherapist-patient privilege by adding to the list of those who will be deemed "psychotherapists" certain certified registered nurses whose primary practice is the diagnosis or treatment of mental or emotional conditions. See ch. 2006-204, § 1, Laws of Fla. Under section 90.503(1)(a)(5), the privilege now applies to "advanced registered nurse practitioners" as defined by section 464.003(6), Florida Statutes (2006), who are "certified" pursuant to section 464.012, Florida Statutes (2006), and whose primary practice is the diagnosis or treatment of mental or emotional conditions, including chemical abuse, limited to actions performed in accordance with the "Nurse Practice Act," Part I of Chapter 464, Florida Statutes.
Consistent with the Committee's recommendations, we adopt chapter 2005-46, sections 1 and 2, and chapter 2006-204, section 1, Laws of Florida, as provided in the appendix to this opinion, to the extent that they are procedural. Our adoption of the amendments is effective on the dates the amendments became effective.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX
Chapter 2005-46, § 1:
90.602. Testimony of interested persons
(1) No person interested in an action or proceeding against the personal representative, heir at law, assignee, legatee, devisee, or survivor of a deceased person, or against the assignee, committee, or guardian of a mentally incompetent person, shall be examined as a witness regarding any oral communication between the interested person and the person who is deceased or mentally incompetent at the time of the examination.
(2) This section does not apply when:
(a) A personal representative, heir at law, assignee, legatee, devisee, or survivor of a deceased person, or the assignee, committee, or guardian of a mentally incompetent person, is examined on his or her own behalf regarding the oral communication.
(b) Evidence of the subject matter of the oral communication is offered by the personal representative, heir at law, assignee, legatee, devisee, or survivor of a deceased person, or the assignee, committee, or guardian of a mentally incompetent person.
(3) For the purpose of this section, a "mentally incompetent person" is one who because of mental illness, mental retardation, senility, excessive use of drugs or alcohol, or other mental incapacity, is incapable of either managing his or her property or caring for himself or herself, or both.
*764 Chapter 2005-46, § 2:
90.804 Hearsay exceptions; declarant unavailable
(1) [No Change]
(2) HEARSAY EXCEPTIONS.The following are not excluded under s. 90.802, provided that the declarant is unavailable as a witness:
(a)-(d) [No Change]
(e) Statement by deceased or ill declarant similar to one previously admitted. In an action or proceeding brought against the personal representative, heir at law, assignee, legatee, devisee, or survivor of a deceased person, or against a trustee of a trust created by a deceased person, or against the assignee, committee, or guardian of a mentally incompetent person, when a declarant is unavailable as provided in paragraph (1)(d), a written or oral statement made regarding the same subject matter as another statement made by the declarant that has previously been offered by an adverse party and admitted in evidence.
Chapter 2006-204, § 1:
90.503. Psychotherapist-patient privilege
(1) For purposes of this section:
(a) A "psychotherapist" is:
1.-2. [No Change]
3. A person licensed or certified as a clinical social worker, marriage and family therapist, or mental health counselor under the laws of this state, who is engaged primarily in the diagnosis or treatment of a mental or emotional condition, including alcoholism and other drug addiction; or
4. Treatment personnel of facilities licensed by the state pursuant to chapter 394, chapter 395, or chapter 397, of facilities designated by the Department of Children and Family Services pursuant to chapter 394 as treatment facilities, or of facilities defined as community mental health centers pursuant to s. 394.907(1), who are engaged primarily in the diagnosis or treatment of a mental or emotional condition, including alcoholism and other drug addiction.; or
5. An advanced registered nurse practitioner certified under s. 464.012, whose primary scope of practice is the diagnosis or treatment of mental or emotional conditions, including chemical abuse, and limited only to actions performed in accordance with part I of chapter 464.
(b)-(c) [No Change]
(2)-(3) [No Change]
NOTES
[1] See Fla. R. Jud. Admin. 2.140(b).
[2] The hearsay exception created by section 90.804(2)(e), Florida Statutes (2005), applies "[i]n an action or proceeding brought against the personal representative, heir at law, assignee, legatee, devisee, or survivor of a deceased person, or against a trustee of a trust created by a deceased person, or against the assignee, committee, or guardian of a mentally incompetent person."