PER CURIAM.
 

 We have for consideration the regular-cycle report filed by the Florida Bar Code and Rules of Evidence Committee (Committee) concerning recent legislative changes to the Florida Evidence Code (Evidence Code).
 
 See
 
 Ch. 2008-172, § 9, Laws of Fla. We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.
 

 The amendments at issue in this case are those enacted by the Florida Legislature since this Court last considered amendments to the Evidence Code.
 
 See In re Amendments to the Fla. Evidence Code,
 
 960 So.2d 762 (Fla.2007). The Committee has recommended that the Court adopt the legislative changes to the Evidence Code by a vote of twenty-one members in favor, ten opposed, and one vote in abstention. The Board of Governors of The Florida Bar unanimously approved the Committee’s recommendations. The proposed amendments were published for comment in
 
 The Florida Bar News;
 
 none were received.
 

 In chapter 2008-172, section 9, Laws of Florida, the Legislature amended section 90.404(2)(b)2, Florida Statutes.
 
 [1]
 
 This statute, in general, governs admission of character evidence in a criminal trial. Subsection 90.404(2)(b) provides that, in a criminal case where the defendant is charged with “a crime involving child molestation,” evidence related to the defendant’s commission of “other crimes, wrongs, or acts of child molestation” is admissible and may be considered for its bearing on any matter to which it is relevant. Subsection (2)(b)2 defines the specific acts that are considered “child molestation” in this context, when committed against a person sixteen years old or younger. Chapter 2008-172, section 9, amends subsection 90.404(2)(b)2 to expand the definition of “child molestation” to include conduct prohibited under section 847.0185(5), Florida Statutes.
 
 [2]
 

 
 *1020
 
 The Committee has also proposed a comment to sections 90.502 and 90.507, Florida Statutes, related to inadvertent disclosure of privileged communications and materials. Because we have concerns with the comment, which appears to address an issue of law we have not yet ruled on, we decline to include it in those sections.
 

 Accordingly, consistent with the Committee’s recommendation, we adopt chapter 2008-172, section 9, Laws of Florida, to the extent it is procedural. We express no opinion on the substance of the amendment.
 
 See In re Amendments to the Fla. Evidence Code,
 
 825 So.2d 339, 341 (Fla.2002) (“In the absence of a true ‘case and controversy,’ we express no opinion on the substance of the amendments or on the challenges to chapter 2001-221, section 1, that were raised in these proceedings.”). Our adoption of the amendment is effective retroactively to the date the amendment became law.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 [1]
 

 . Section 90.404(2)(b)2, as amended, provides as follows:
 

 For the purposes of this paragraph, the term "child molestation" means conduct proscribed by s. 794.011, or s. 800.04, or s. 847.0135(5) when committed against a person 16 years of age or younger.
 

 [2]
 

 . Section 847.0135(5), Florida Statutes, provides as follows:
 

 (5) CERTAIN COMPUTER TRANSMISSIONS PROHIBITED.—
 

 (a) A person who:
 

 1. Intentionally masturbates;
 

 2. Intentionally exposes the genitals in a lewd or lascivious manner; or
 

 3. Intentionally commits any other sexual act that does not involve actual physical or sexual contact with the victim, including, but not limited to, sadomasochistic abuse,
 
 *1020
 
 sexual bestiality, or the simulation of any act involving sexual activity
 

 live over a computer online service, Internet service, or local bulletin board service and who knows or should know or has reason to believe that the transmission is viewed on a computer or television monitor by a victim who is less than 16 years of age, commits lewd or lascivious exhibition in violation of this subsection. The fact that an undercover operative or law enforcement officer was involved in the detection and investigation of an offense under this subsection shall not constitute a defense to a prosecution under this subsection.
 

 (b) An offender 18 years of age or older who commits a lewd or lascivious exhibition using a computer commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
 

 (c) An offender less than 18 years of age who commits a lewd or lascivious exhibition using a computer commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, ors. 775.084.
 

 (d) A mother's breastfeeding of her baby does not under any circumstance constitute a violation of this subsection.