REVISED OPINION

PER CURIAM.
The case is before the Court upon the motion for rehearing filed by the Florida Bar Code and Rules of Evidence Committee. We grant the motion for rehearing, withdraw our prior opinion dated December 12, 2013, and substitute the following in its place:
We have for consideration the regular-cycle report filed by the Florida Bar Code and Rules of Evidence Committee (Committee) concerning recent legislative changes to the Florida Evidence Code (Code), see ch.2011-183, § 1, Laws of Fla.; ch.2012-152, § 1, Laws of Fla.; and to section 766.102(12) of the Florida Statutes, see ch.2011-233, § 10, Laws of Fla. We have jurisdiction. See art. V, § 2(a), Fla. Const.
The Committee recommends that the Court adopt the above provisions to the extent that they concern court procedure. The amendments at issue in this case are those enacted by the Florida Legislature since this Court last considered amendments to the Florida Evidence Code. See In re Amends, to the Fla. Evidence Code, 53 So.3d 1019 (Fla.2011). For the reasons discussed below, we decline to adopt two of the Committee’s three recommendations.
In chapter 2011-183, section 1, Laws of Florida, the Legislature enacted section 90.5021, Florida Statutes, which establishes a “fiduciary lawyer-client privilege.” According to • the Committee, whether a fiduciary is entitled to the lawyer-client privilege when the fiduciary employs an attorney in connection with his or her fiduciary duties has been an issue in several cases; for example, the Committee cites Jacob v. Barton, 877 So.2d 935 (Fla. 2d DCA 2004), and Tripp v. Salkovitz, 919 *537 So.2d 716 (Fla. 2d DCA 2006). We decline to follow the Committee’s recommendation to adopt the new provision of the Code because we question the need for the privilege to- the extent that it is procedural.
In chapter 2012-152, section 1, Laws of Florida, the Legislature amended section 90.804 to include the hearsay exception of “Statement offered against a party that wrongfully caused the declarant’s unavailability.” See § 90.804(2)(f), Fla. Stat. (2012). According to the Committee, the provision is a codification of the common law rule that one who wrongfully procures the absence of a witness from court cannot complain of the admission of the hearsay statement of the witness. See Reynolds v. United States, 98 U.S. 145, 158-59, 25 L.Ed. 244 (1878). We adopt chapter 2012-152, section 1, Laws of Florida, to the extent that the provision is procedural.
Finally, in chapter 2011-233, section 10, Laws of Florida, the Legislature created section 766.102(12), Florida Statutes, which provides as follows:
766.102 Medical negligence; standards of recovery; expert witness.
(12) If a physician licensed under chapter 458 or chapter 459 or a dentist licensed under chapter 466 is the party against whom, or on whose behalf, expert testimony about the prevailing professional standard of care is offered, the expert witness must be licensed under chapter 458, chapter 459, or chapter 466 or possess a valid expert witness certificate issued under s. 458.3175, s. 459.0066, or s. 466.005.
§ 766.102(12), Fla. Stat. (2012). The Committee voted 14-13 to recommend that the statutory provision be adopted as a rule of procedure to the extent that it is procedural. The Board of Governors voted 34-5 to recommend that the Court reject the Committee’s proposal, on the grounds that the provision is unconstitutional, will have a chilling effect on the ability to obtain expert witnesses, and is prejudicial to the administration of justice. Numerous comments were filed with respect to this proposal, all in opposition to its adoption. After hearing oral argument and carefully considering the Committee’s recommendation in light of those comments, we decline to follow this recommendation due to the concerns raised.
Accordingly, the Court declines to adopt chapter 2011-183, section 1 or chapter 2011-233, section 10, Laws of Florida, to the extent they are procedural. The Court adopts chapter 2012-152, section 1, Laws of Florida, as provided in the appendix to this opinion to the extent that the provision is procedural. Our adoption of the amendment is effective retroactively to the date the amendment became law.[1]
It is so ordered.
LABARGA, C.J., and LEWIS, QUINCE, POLSTON, and PERRY, JJ., concur.
PARIENTE, J., concurs in part and dissents in part with an opinion.
CANADY, J., concurs in part and dissents in part with an opinion.

. Chapter 2012-152, section 1, Laws of Florida, became effective on April 27, 2012.