PER CURIAM.
We have for consideration the regular-cycle report[1] of The Florida Bar’s Code and Rules of Evidence Committee (Committee), concerning legislative changes to the Florida Evidence Code and to section 766.102, Florida Statutes (2012). We have jurisdiction,[2] and, as discussed below, we decline to adopt, to the extent they are procedural, any of the legislative changes addressed in the Committee’s report.
*1236 BACKGROUND
Prior Amendments to the Florida Evidence Code
It. has been this Court’s policy to adopt, to the extent they are procedural, provisions of the Florida Evidence Code as they are enacted and amended by the Legislature.[3] However, on occasion the Court has declined to adopt legislative changes to the Evidence Code because of significant concerns about the amendments, including concerns about the constitutionality of an amendment.[4] In addition, the Court has declined to follow the Committee’s recommendation to adopt, to the extent it may be procedural, legislation creating section 766.102(12), Florida Statutes, which is not a part of the Florida Evidence Code. See In re Amends. to Fla. Evidence Code, 144 So.3d 536, 537 (Fla. 2014).
Legislative Changes at Issue
The legislative changes at issue in this case are those enacted since this Court considered the Committee’s 2013 regular-cycle report. See In re Amends, to Fla. Evidence Code, 144 So.3d at 536. In this case, by a vote of 16-14, a majority of the Committee recommends that the Court not adopt, to the extent it is procedural, chapter 2013-107, sections 1 and 2, Laws of Florida (Daubert Amendment), which amended sections 90.702 (Testimony by experts) and 90.704 (Basis of opinion testimony by experts), Florida Statutes (2012), of the Evidence Code to replace the Frye[5] standard for admitting expert opinion evidence with the Daubert[6] standard. In addition to a separate majority report on the Daubert Amendment, the Committee provides a minority report urging the Court to adopt the Daubert Amendment. The Committee also recommends, by a vote of 24-0-1, that the Court not adopt, to the extent it is procedural, chapter 2013-108, section 2, Laws of Florida (Same Specialty Amendment), which amended section 766.102 (Medical negligence; standards of recovery; expert witness), Florida Statutes (2012), to require a standard-of-care expert witness in a medical malpractice action to specialize in the same specialty as the health care provider against whom or *1237 on whose behalf the testimony is offered. Finally, the Committee recommends, by a vote of 24-0-1, that the Court adopt, to the extent it is procedural, chapter 2014-200, section 1, Laws of Florida, which amended section 90.803(24), Florida Statutes (2013) (Hearsay exceptions; availability of declar-ant immaterial; Hearsay exception; statement of elderly person or disabled adult) of the Evidence Code, the hearsay exception relating to reports of abuse by elderly persons or disabled adults. The Board of Governors of The Florida Bar approved the Committee’s recommendations.
Consistent with Florida Rule of Judicial Administration 2.140(b)(2), before filing its report with the Court, the Committee published its recommendations for comment. According to the Committee’s report, the Committee received eighty-one comments in support of the recommendation not to adopt the Daubert Amendment. The Committee received twenty-nine comments opposing that recommendation. The Committee also received two comments supporting the recommendation not to adopt the Same Specialty Amendment and no comments against that recommendation. The Committee did not receive any comments addressing its recommendation to adopt the changes to section 90.803(24) of the Evidence Code.
After the Committee filed its report, the Court published the Committee’s recommendations for comment. The Court received fifty-six comments in favor of the Committee’s recommendation not to adopt the Daubert Amendment and one hundred thirty-one comments in opposition to the Committee’s recommendation.[7] All nine comments filed with the Court addressing the Committee’s recommendation not to adopt the Same Specialty Amendment support that recommendation. No comments were filed with the Court concerning the amendments to section 90.803(24). The Committee filed a response to the comments filed with the Court. The Court also heard oral argument in this case.
After considering the numerous filings in this case, and having had the benefit of oral argument, for the reasons discussed below, we follow the Committee’s recommendation and decline to adopt, to the extent they are procedural, the changes to sections 90.702 and 90.704 of the Evidence Code made by the Daubert Amendment. Also, as recommended by the' Committee, we decline to adopt, to the extent they are procedural, the amendments to section 766.102, Florida Statutes, made by the Same Specialty Amendment. However, as further explained below, we decline to follow the Committee’s recommendation to adopt the changes made to section 90.803(24).
DISCUSSION
Daubert Amendment
The Daubert Amendment amended sections 90.702 and 90.704, Florida Statutes (2012), to change the standard of admissibility for scientific expert evidence from the Frye standard to the Daubert standard and the standard found in Federal Rule of Evidence 702. See ch. 2013-107, §§ 1-2, Laws of Fla. The Frye test only applies to expert testimony based upon new or novel scientific evidence, and “in order to introduce expert testimony deduced from a scientific principle or discovery, the principle or discovery ‘must be sufficiently established to have gained general acceptance in the particular field in which it belongs.’ ” Flanagan v. State, 625 *1238 So.2d 827, 828 (Fla. 1993) (quoting Frye v. United States, 293 F. 1013, 1014 (D.C. Cir. 1923)).[8] In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), the United States Supreme Court held that the Federal Rules of Evidence superseded Frye’s general acceptance test for the admissibility of scientific evidence. Id. at 586-87, 113 S.Ct. 2786. In addition, in interpreting Federal Rule of Evidence 702, Daubert provides that “the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.” Id. at 589, 113 S.Ct. 2786. Federal Rule of Evidence 702, as currently promulgated, intends to ensure reliability of scientific opinion evidence with the following requirements:
A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
(a) the expert’s scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.
Fed. R. Evid. 702.
In 2013, Florida’s Legislature rejected the longstanding Frye standard and adopted the Daubert standard and Federal Rule of Evidence 702 with two amendments to the Evidence Code. First, the Legislature amended section 90.702 to mirror Federal Rule of Evidence 702 as follows:
If scientific, technical, or other spe'cialized knowledge will assist the trier of fact in understanding the evidence or in determining a fact in issue, a witness qualified- as an expert by knowledge, skill, experience, training, or education may testify about it in the form of an opinion or otherwise, if:
(1) The testimony is based upon sufficient facts or data;
(2) The testimony is the product of reliable principles and methods; and
(3) The witness has applied the principles and methods reliably to the facts of the case-; however, the opinion is admissible only if it can be-applied to-evidence of, f-pfql
Ch. 2013-107, § 1, Laws of Fla. Next, the Legislature amended section 90.704 as follows:
The facts or data upon which an expert bases an opinion or inference may be those perceived by, or made known to, the expert at or before the trial. If the facts or data are of a type reasonably relied upon by experts in the subject to support the opinion expressed, the facts or data need not be admissible in evidence. Facts or data that are otherwise inadmissible may not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert’s opinion substantially outweighs their prejudicial effect.
Ch. 2013-107, § 2, Laws of Fla.
The Committee recommends the Court not adopt the Daubert Amendment, to the *1239 extent it is procedural. In support of its recommendation, both the Committee and commenters who support the recommendation raised what we consider “grave constitutional concerns.” Those concerns include undermining the right to a jury trial and denying access to the courts. While the Court does not address the constitutionality of a statute or proposed rule within the context of a rules case,[9] the fact that there may be “grave concerns about the constitutionality of the amendment” has been a basis previously for the Court not adopting an amendment to the Evidence Code to the extent it is procedural. See In re Amends. to Fla. Evidence Code, 782 So.2d 339, 342 (Fla. 2000). Accordingly, having heard oral argument and carefully considered the Committee’s recommendation and the numerous comments both submitted to the Committee and filed with the Court, we decline to adopt the Daubert Amendment to the extent that it is procedural, due to the constitutional concerns raised, which must be left for a proper ease or controversy.
Same Specialty Amendment
The Same Specialty Amendment amended section 766.102(5)(a), Florida Statutes (2012), to require a standard-of-care expert witness in a medical malpractice action to specialize in the same specialty, rather than the same or similar specialty,[10] as the health care provider against whom or on whose behalf the testimony is offered. See ch. 2013-108, § 2, Laws of Fla. The amendment also repealed section 766.102(14), Florida Statutes (2012), which recognized a trial court’s authority to disqualify or qualify an expert witness on grounds other than the qualifications in that section.[11] See ch. 2013-108, § 2, Laws of Fla. The Committee, the Board of Governors, and all those who commented on the Same Specialty Amendment urge the Court not to adopt that legislation, to the extent it is procedural. Consistent with the Committee’s recommendation, we decline to adopt the Same Specialty Amendment, for the same reasons we declined to adopt section 766.102(12), which requires a standard-of-care expert witness to hold the same state license as the health care provider against whom, or on whose behalf, the expert is testifying or to have a valid expert witness certificate. See In_re Amends, to Fla. Evidence Code, 144 So.3d at 537 (declining to adopt chapter 2011-233, section 10, Laws of Florida, creating section 766.102(12), because of concerns that the statute “is unconstitutional, [has] a chilling effect on the ability to obtain expert witnesses, and is prejudicial to the administration of justice”).
The Committee and commenters in this case contend that requiring a standard-of- *1240 care expert witness to specialize in the same specialty, rather than the same or similar specialty, as the health care provider against whom or on whose behalf the testimony is offered has “a chilling effect on the ability to obtain expert witnesses,” making it more difficult for a victim of medical negligence to bring a medical malpractice action. This raises concerns that, like the same-license requirement of section 766.102(12), the same-specialty requirement limits access to courts and is prejudicial to the administration of justice. See id.; ef. Kukral v. Mekras, 679 So.2d 278, 284 (Fla. 1996) (recognizing that “medical malpractice statutory scheme must be interpreted liberally so as not to unduly restrict a Florida citizen’s constitutionally guaranteed access to courts, while at the same time carrying out the legislative policy of screening out frivolous lawsuits and defenses”).
In addition to the concerns raised by the Committee and the cdmmenters, the section 766.102(5)(a) same-specialty requirement and the various other section 766.102 expert-witness requirements[12] are not part of chapter 90, Florida Statutes, the Florida Evidence Code. See In re Fla. Evidence Code, 372 So.2d 1369 (Fla. 1979) (adopting, as the Court’s rules of evidence, the Evidence Code enacted by the Legislature, in part, to ensure that rules of evidence were codified in one place and were no longer “derived from multiple sources,” including case law, rules adopted by the Court, and statutes enacted by the Legislature), clarified, In re Fla. Evidence Code, 376 So.2d 1161 (Fla. 1979).[13] Rather, the section 766.102 requirements, none of which this Court has adopted,[14] are part of the legislative scheme for medical malpractice actions codified in chapter 766, Florida Statutes.
It is likewise significant that this Court also has never adopted, to the extent it may be procedural, the section 766.102(14), Florida Statutes (2012), recognition of a tidal court’s authority to qualify or disqual *1241 ify an expert witness in a medical malpractice case on grounds other than those specified in section 766.102. Therefore, there is no reason for this Court to now adopt the repeal of that legislation to the extent that repeal might impact court procedure. Finally, we do not address the substantive/procedural issue raised here because whether the Legislature’s amendments to section 766.102(5)(a) and repeal of section 766.102(14) somehow run afoul of the trial court’s inherent power or this Court’s rule-making authority must be left for a proper case or controversy and not decided in this rules case. See In re Amends. to Fla. Evidence Code, 782 So.2d at 341.
Amendments to Section 90.803(24)
Chapter 2014-200, section 1, Laws of Florida, amended section 90.803(24) (Hearsay Exceptions; availability of declarant immaterial; Hearsay exception; statement of elderly person or disabled adult), Florida Statutes, the hearsay exception relating to reports of abuse by elderly persons or disabled adults. The amendment to section 90.803(24) removes the alternative requirement that an elderly person or disabled adult testify, only requiring that such individuals be unavailable to do so. The Committee recommends that the Court adopt that legislation, to the extent it is procedural.
Notwithstanding its recommendation, the Committee notes in its report that the statutory change raises constitutional issues: “The amended statute would remain unconstitutional as to testimonial[15] statements in criminal cases where there has been no opportunity for prior cross-examination while it eliminates (potentially) constitutionally permissible application to non-testimonial[16] statements in the criminal context and all applicable statements in civil cases.” While the Committee concludes that case law, including Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), and State v. Hosty, 944 So.2d 255 (Fla. 2006), imposes the requirement of an opportunity for cross-examination regarding testimonial statements in criminal cases, we decline to adopt this amendment, to the extent it is procedural, in light of constitutional concerns. See In re Amendments to Fla. Evidence Code, 782 So.2d at 342 (declining to adopt chapter 98-2, section 1, Laws of Florida, amending section 90.803(22), Florida Statutes, which allows the admission of former testimony although the declarant is available as witness, in part because of concerns about its constitutionality).
CONCLUSION
Accordingly, for the forgoing reasons, we decline to adopt, to the extent they are procedural, chapters 2013-107, sections 1 and 2; 2013-108, section 2; and 2014-200, section 1, Laws of Florida.
It is so ordered.
LABARGA, C.J., and PARIENTE, LEWIS, and QUINCE, JJ., concur.
*1242 POLSTON, J., concurs in part and dissents in part with an opinion, in which CANADY, J., concurs.
LAWSON, J., did not participate.

. See Fla. R. Jud. Admin. 2.140(b).

. See art. V, § 2(a), Fla. Const.

. See In re Amends. to Fla. Evidence Code, 782 So.2d 339, 342 (Fla. 2000) (recognizing Court's policy to adopt amendments to the Code to the extent they are procedural, but following Committee's recommendation not to adopt one amendment) (citing In re Fla. Evidence Code, 372 So.2d 1369 (Fla. 1979) (adopting Evidence Code enacted by Legislature to the extent it is procedural), clarified, In re Fla. Evidence Code, 376 So.2d 1161 (Fla. 1979)); see also In re Amends. to Fla. Evidence Code, 53 So.3d 1019 (Fla. 2011); In re Amends. to Fla. Evidence Code, 960 So.2d 762 (Fla. 2007); In re Amends. to Fla. Evidence Code—Section 90.104, 914 So.2d 940 (Fla. 2005); Amends. to Fla. Evidence Code, 891 So.2d 1037 (Fla. 2004); In re Amends. to Fla. Evidence Code, 825 So.2d 339 (Fla. 2002); In re Fla. Evidence Code, 675 So.2d 584 (Fla. 1996); In re Fla. Evidence Code, 638 So.2d 920 (Fla. 1993); In re Amend. of Fla. Evidence Code, 497 So.2d 239 (Fla. 1986); In re Amend. of Fla. Evidence Code, 404 So.2d 743 (Fla. 1981).

. See, e.g., In re Amends. to Fla. Evidence Code, 144 So.3d 536 (Fla. 2014) (declining to follow the Committee's recommendation to adopt section 90.5021, Florida Statutes (2014), which establishes a fiduciary lawyer-client privilege); In re Amends. to Fla. Evidence Code, 782 So.2d at 341-42 (declining to adopt amendments to section 90.803(22), Florida Statutes (1997), which allows the admission of former testimony although the de-clarant is available as a witness, in part because of concerns about its constitutionality).

. Frye v. United States, 293 F. 1013 (D.C. Cir. 1923); Bundy v. State, 471 So.2d 9 (Fla. 1985) (adopting Frye standard); Stokes v. State, 548 So.2d 188 (Fla. 1989) (same).

. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

. Of those one hundred thirty-one comments, seventy-seven are form emails from "small business owners” repeating the same request that the Court "retain the Daubert expert witness standard that the Florida legislature passed in 2013.”

. The Court is aware that on October 20, 2016, the District of Columbia Court of Appeals, in Motorola Inc. v. Murray, 147 A.3d 751 (D.C. 2016), rejected application of the Frye standard for the admissibility of scientific testimony in favor of Federal Rule of Evidence 702.

. See, e.g., In re Amends. to Fla. Evidence Code, 144 So.3d at 538 (Pariente, J., concurring in part and dissenting in part); In re Amend. to Fla. Evidence Code, 825 So.2d at 341; In re Amends. to Fla. Evidence Code, 782 So.2d at 341; In re Amends. to Fla. Rules of Crim. Pro.-Final Arguments, 957 So.2d 1164, 1167 (Fla. 2007).

. Prior to the Same Specialty Amendment, section 766.102(5)(a), Florida Statutes, required an expert testifying about the prevailing standard of care in a medical malpractice action to (1) specialize in the same specialty as the health care provider against whom or on whose behalf the testimony is offered, or (2) specialize in a similar specialty that includes the evaluation, diagnosis, or treatment of the medical condition that is the subject of the claim and have the prior experience treating similar patients. The Same Specialty Amendment removed the similar specialty option for qualifying a standard-of-care expert witness from the statute.

. Before its repeal, section 766.102(14), Florida Statutes, provided that section 766.102 did “not limit the power of the trial court to disqualify or qualify an expert witness on grounds other than the qualifications in this section.”

. See, e.g., § 766.102(5)(b), Fla. Stat. (2016) (providing requirements for expert witnesses testifying on the standard of care for general practitioners); § 766.102(6), Fla. Stat. (providing the requirements for expert witnesses testifying on the standard of care for nurses and other medical support staff); § 766.102(7), Fla. Stat.' (providing the requirements for expert witnesses testifying on the standard of care as to administrative and other nonclinical issues in actions against hospitals or other medical facilities); § 766.102(9), Fla. Stat. (providing the requirements for expert witnesses testifying on the standard of care for emergency room physicians).

. See also Charles W. Ehrhardt, Ehrhardt’s Florida Evidence § 102,1 (2016 ed.) (recognizing that Court adopts, to the extent procedural, provisions of the Evidence Code as they are adopted and amended by the Legislature “to avoid having the evidence rules scattered in piece-meal fashion in various statutes and rules of procedures” and to have "a single comprehensive set of rules”),

. Prior to the Committee’s 2013 recommendation to adopt section 766.102(12), see In re Amends, to the Fla. Evidence Code, 144 So.3d at 536, the Committee had only made recommendations to the Court concerning legislative changes to the Evidence Code. The Committee had never made recommendations concerning any of the section 766.102 expert-witness requirements. See Ehrhardt, supra, at § 102.1 (as reporter and primary drafter of the Florida Evidence Code and first chair of the Committee, recognizing that Committee’s recommendation concerning the section 766,102(12) expert-witness requirement “was unique” because "[s]ince its inception, the Committee believed its jurisdiction was limited to provisions of the Evidence Code” and noting that, for example, “the many amendments to the accident report privilege in section 316.066 and the rape shield statute in section 794,022 were never within scope of the [C]ommittee’s recommendations”).

. "Testimoniar' statements include but are not limited to “material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecu-torially” as well as extrajudicial statements "contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions.” Crawford v. Washington, 541 U.S. 36, 51-52, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

. "Nontestimonial” statements include those that, objectively considered, were given to, for example, police or a 911 operator describing what was actually happening at the time and to enable police assistance to meet an ongoing emergency. See Davis v. Washington, 547 U.S. 813, 826-27, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006).