# Supreme Court of Florida

_____

No. SC16-181

_____

**IN RE:  AMENDMENTS TO THE FLORIDA EVIDENCE CODE.**

[February 16, 2017]

PER CURIAM.

We have for consideration the regular-cycle report[1] of The Florida Bar's Code and Rules of Evidence Committee (Committee), concerning legislative changes to the Florida Evidence Code and to section 766.102, Florida Statutes (2012).  We have jurisdiction,[2] and, as discussed below, we decline to adopt, to the extent they are procedural, any of the legislative changes addressed in the Committee's report.

## BACKGROUND

### Prior Amendments to the Florida Evidence Code

_____

1. See Fla. R. Jud. Admin. 2.140(b).

2. See art. V, § 2(a), Fla. Const.

It has been this Court's policy to adopt, to the extent they are procedural, provisions of the Florida Evidence Code as they are enacted and amended by the Legislature.[3] However, on occasion the Court has declined to adopt legislative changes to the Evidence Code because of significant concerns about the amendments, including concerns about the constitutionality of an amendment.[4] In addition, the Court has declined to follow the Committee's recommendation to adopt, to the extent it may be procedural, legislation creating section 766.102(12),

---

3. See In re Amends. to Fla. Evidence Code, 782 So. 2d 339, 342 (Fla. 2000) (recognizing Court's policy to adopt amendments to the Code to the extent they are procedural, but following Committee's recommendation not to adopt one amendment) (citing In re Fla. Evidence Code, 372 So. 2d 1369 (Fla. 1979) (adopting Evidence Code enacted by Legislature to the extent it is procedural), clarified, In re Fla. Evidence Code, 376 So. 2d 1161 (Fla. 1979)); see also In re Amends. to Fla. Evidence Code, 53 So. 3d 1019 (Fla. 2011); In re Amends. to Fla. Evidence Code, 960 So. 2d 762 (Fla. 2007); In re Amends. to Fla. Evidence Code—Section 90.104, 914 So. 2d 940 (Fla. 2005); Amends. to Fla. Evidence Code, 891 So. 2d 1037 (Fla. 2004); In re Amends. to Fla. Evidence Code, 825 So. 2d 339 (Fla. 2002); In re Fla. Evidence Code, 675 So. 2d 584 (Fla. 1996); In re Fla. Evidence Code, 638 So. 2d 920 (Fla. 1993); In re Amend. of Fla. Evidence Code, 497 So. 2d 239 (Fla. 1986); In re Amend. of Fla. Evidence Code, 404 So. 2d 743 (Fla. 1981).

4. See, e.g., In re Amends. to Fla. Evidence Code, 144 So. 3d 536 (Fla. 2014) (declining to follow the Committee's recommendation to adopt section 90.5021, Florida Statutes (2014), which establishes a fiduciary lawyer-client privilege); In re Amends. to Fla. Evidence Code, 782 So. 2d at 341-42 (declining to adopt amendments to section 90.803(22), Florida Statutes (1997), which allows the admission of former testimony although the declarant is available as a witness, in part because of concerns about its constitutionality).

Florida Statutes, which is not a part of the Florida Evidence Code.  See In re

Amends. to Fla. Evidence Code, 144 So. 3d 536, 537 (Fla. 2014).

**Legislative Changes at Issue**

The legislative changes at issue in this case are those enacted since this

Court considered the Committee's 2013 regular-cycle report.  See In re Amends. to

Fla. Evidence Code, 144 So. 3d at 536.  In this case, by a vote of 16-14, a majority

of the Committee recommends that the Court not adopt, to the extent it is

procedural, chapter 2013-107, sections 1 and 2, Laws of Florida (Daubert

Amendment), which amended sections 90.702 (Testimony by experts) and 90.704

(Basis of opinion testimony by experts), Florida Statutes (2012), of the Evidence

Code to replace the Frye[5] standard for admitting expert opinion evidence with the

Daubert[6] standard.  In addition to a separate majority report on the Daubert

Amendment, the Committee provides a minority report urging the Court to adopt

the Daubert Amendment.  The Committee also recommends, by a vote of 24-0-1,

that the Court not adopt, to the extent it is procedural, chapter 2013-108, section 2,

Laws of Florida (Same Specialty Amendment), which amended section 766.102

---

5.  Frye v. United States, 293 F. 1013 (D.C. Cir. 1923); Bundy v. State, 471 So. 2d 9 (Fla. 1985) (adopting Frye standard); Stokes v. State, 548 So. 2d 188 (Fla. 1989) (same).

6.  Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993).

(Medical negligence; standards of recovery; expert witness), Florida Statutes (2012), to require a standard-of-care expert witness in a medical malpractice action to specialize in the same specialty as the health care provider against whom or on whose behalf the testimony is offered. Finally, the Committee recommends, by a vote of 24-0-1, that the Court adopt, to the extent it is procedural, chapter 2014-200, section 1, Laws of Florida, which amended section 90.803(24), Florida Statutes (2013) (Hearsay exceptions; availability of declarant immaterial; Hearsay exception; statement of elderly person or disabled adult) of the Evidence Code, the hearsay exception relating to reports of abuse by elderly persons or disabled adults. The Board of Governors of The Florida Bar approved the Committee's recommendations.

Consistent with Florida Rule of Judicial Administration 2.140(b)(2), before filing its report with the Court, the Committee published its recommendations for comment. According to the Committee's report, the Committee received eighty-one comments in support of the recommendation not to adopt the Daubert Amendment. The Committee received twenty-nine comments opposing that recommendation. The Committee also received two comments supporting the recommendation not to adopt the Same Specialty Amendment and no comments against that recommendation. The Committee did not receive any comments

addressing its recommendation to adopt the changes to section 90.803(24) of the Evidence Code.

After the Committee filed its report, the Court published the Committee's recommendations for comment. The Court received fifty-six comments in favor of the Committee's recommendation not to adopt the Daubert Amendment and one hundred thirty-one comments in opposition to the Committee's recommendation.[7] All nine comments filed with the Court addressing the Committee's recommendation not to adopt the Same Specialty Amendment support that recommendation. No comments were filed with the Court concerning the amendments to section 90.803(24). The Committee filed a response to the comments filed with the Court. The Court also heard oral argument in this case.

After considering the numerous filings in this case, and having had the benefit of oral argument, for the reasons discussed below, we follow the Committee's recommendation and decline to adopt, to the extent they are procedural, the changes to sections 90.702 and 90.704 of the Evidence Code made by the Daubert Amendment. Also, as recommended by the Committee, we decline

---

7. Of those one hundred thirty-one comments, seventy-seven are form emails from "small business owners" repeating the same request that the Court "retain the Daubert expert witness standard that the Florida legislature passed in 2013."

to adopt, to the extent they are procedural, the amendments to section 766.102, Florida Statutes, made by the Same Specialty Amendment. However, as further explained below, we decline to follow the Committee's recommendation to adopt the changes made to section 90.803(24).

## DISCUSSION

## **Daubert** Amendment

The Daubert Amendment amended sections 90.702 and 90.704, Florida Statutes (2012), to change the standard of admissibility for scientific expert evidence from the Frye standard to the Daubert standard and the standard found in Federal Rule of Evidence 702. See ch. 2013-107, §§ 1 - 2, Laws of Fla. The Frye test only applies to expert testimony based upon new or novel scientific evidence, and "in order to introduce expert testimony deduced from a scientific principle or discovery, the principle or discovery 'must be sufficiently established to have gained general acceptance in the particular field in which it belongs.' " Flanagan v. State, 625 So. 2d 827, 828 (Fla. 1993) (quoting Frye v. United States, 293 F. 1013, 1014 (D.C. Cir. 1923)).[8] In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), the United States Supreme Court held that the Federal Rules

---

8. The Court is aware that on October 20, 2016, the District of Columbia Court of Appeals, in Motorola Inc. v. Murray, 147 A.3d 751 (D.C. 2016), rejected application of the Frye standard for the admissibility of scientific testimony in favor of Federal Rule of Evidence 702.

of Evidence superseded Frye's general acceptance test for the admissibility of scientific evidence. Id. at 586-87. In addition, in interpreting Federal Rule of Evidence 702, Daubert provides that "the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." Id. at 589. Federal Rule of Evidence 702, as currently promulgated, intends to ensure reliability of scientific opinion evidence with the following requirements:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> **(b)** the testimony is based on sufficient facts or data;
>
> **(c)** the testimony is the product of reliable principles and methods; and
>
> **(d)** the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In 2013, Florida's Legislature rejected the longstanding Frye standard and adopted the Daubert standard and Federal Rule of Evidence 702 with two amendments to the Evidence Code. First, the Legislature amended section 90.702 to mirror Federal Rule of Evidence 702 as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact in understanding the evidence or in determining

a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify about it in the form of an opinion or otherwise, if:

(1)  The testimony is based upon sufficient facts or data;

(2)  The testimony is the product of reliable principles and methods; and

(3)  The witness has applied the principles and methods reliably to the facts of the case; however, the opinion is admissible only if it can be applied to evidence at trial.

Ch. 2013-107, § 1, Laws of Fla.  Next, the Legislature amended section 90.704 as follows:

The facts or data upon which an expert bases an opinion or inference may be those perceived by, or made known to, the expert at or before the trial.  If the facts or data are of a type reasonably relied upon by experts in the subject to support the opinion expressed, the facts or data need not be admissible in evidence.  Facts or data that are otherwise inadmissible may not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

Ch. 2013-107, § 2, Laws of Fla.

The Committee recommends the Court not adopt the Daubert Amendment, to the extent it is procedural.  In support of its recommendation, both the Committee and commenters who support the recommendation raised what we consider "grave constitutional concerns."  Those concerns include undermining the right to a jury trial and denying access to the courts.  While the Court does not address the constitutionality of a statute or proposed rule within the context of a

rules case,[9] the fact that there may be "grave concerns about the constitutionality of the amendment" has been a basis previously for the Court not adopting an amendment to the Evidence Code to the extent it is procedural. See In re Amends. to Fla. Evidence Code, 782 So. 2d 339, 342 (Fla. 2000). Accordingly, having heard oral argument and carefully considered the Committee's recommendation and the numerous comments both submitted to the Committee and filed with the Court, we decline to adopt the Daubert Amendment to the extent that it is procedural, due to the constitutional concerns raised, which must be left for a proper case or controversy.

**Same Specialty Amendment**

The Same Specialty Amendment amended section 766.102(5)(a), Florida Statutes (2012), to require a standard-of-care expert witness in a medical malpractice action to specialize in the same specialty, rather than the same or similar specialty,[10] as the health care provider against whom or on whose behalf

---

9. See, e.g., In re Amends. to Fla. Evidence Code, 144 So. 3d at 538 (Pariente, J., concurring in part and dissenting in part); In re Amend. to Fla. Evidence Code, 825 So. 2d at 341; In re Amends. to Fla. Evidence Code, 782 So. 2d at 341; In re Amends. to Fla. Rules of Crim. Pro.—Final Arguments, 957 So. 2d 1164, 1167 (Fla. 2007).

10. Prior to the Same Specialty Amendment, section 766.102(5)(a), Florida Statutes, required an expert testifying about the prevailing standard of care in a medical malpractice action to (1) specialize in the same specialty as the health care provider against whom or on whose behalf the testimony is offered, or (2) specialize in a similar specialty that includes the evaluation, diagnosis, or treatment

the testimony is offered.  See ch. 2013-108, § 2, Laws of Fla.  The amendment also repealed section 766.102(14), Florida Statutes (2012), which recognized a trial court's authority to disqualify or qualify an expert witness on grounds other than the qualifications in that section.[11]  See ch. 2013-108, § 2, Laws of Fla.  The Committee, the Board of Governors, and all those who commented on the Same Specialty Amendment urge the Court not to adopt that legislation, to the extent it is procedural.  Consistent with the Committee's recommendation, we decline to adopt the Same Specialty Amendment, for the same reasons we declined to adopt section 766.102(12), which requires a standard-of-care expert witness to hold the same state license as the health care provider against whom, or on whose behalf, the expert is testifying or to have a valid expert witness certificate.  See In re Amends. to Fla. Evidence Code, 144 So. 3d at 537 (declining to adopt chapter 2011-233, section 10, Laws of Florida, creating section 766.102(12), because of concerns that the statute "is unconstitutional, [has] a chilling effect on the ability to obtain expert witnesses, and is prejudicial to the administration of justice").

---

of the medical condition that is the subject of the claim and have the prior experience treating similar patients.  The Same Specialty Amendment removed the similar specialty option for qualifying a standard-of-care expert witness from the statute.

11.  Before its repeal, section 766.102(14), Florida Statutes, provided that section 766.102 did "not limit the power of the trial court to disqualify or qualify an expert witness on grounds other than the qualifications in this section."

- 10 -

The Committee and commenters in this case contend that requiring a standard-of-care expert witness to specialize in the same specialty, rather than the same or similar specialty, as the health care provider against whom or on whose behalf the testimony is offered has "a chilling effect on the ability to obtain expert witnesses," making it more difficult for a victim of medical negligence to bring a medical malpractice action. This raises concerns that, like the same-license requirement of section 766.102(12), the same-specialty requirement limits access to courts and is prejudicial to the administration of justice. See id.; cf. Kukral v. Mekras, 679 So. 2d 278, 284 (Fla. 1996) (recognizing that "medical malpractice statutory scheme must be interpreted liberally so as not to unduly restrict a Florida citizen's constitutionally guaranteed access to courts, while at the same time carrying out the legislative policy of screening out frivolous lawsuits and defenses").

In addition to the concerns raised by the Committee and the commenters, the section 766.102(5)(a) same-specialty requirement and the various other section 766.102 expert-witness requirements[12] are not part of chapter 90, Florida Statutes,

---

12. See, e.g., § 766.102(5)(b), Fla. Stat. (2016) (providing requirements for expert witnesses testifying on the standard of care for general practitioners); § 766.102(6), Fla. Stat. (providing the requirements for expert witnesses testifying on the standard of care for nurses and other medical support staff); § 766.102(7), Fla. Stat. (providing the requirements for expert witnesses testifying on the standard of care as to administrative and other nonclinical issues in actions against hospitals or other medical facilities); § 766.102(9), Fla. Stat. (providing the

the Florida Evidence Code.  See In re Fla. Evidence Code, 372 So. 2d 1369 (Fla. 1979) (adopting, as the Court's rules of evidence, the Evidence Code enacted by the Legislature, in part, to ensure that rules of evidence were codified in one place and were no longer "derived from multiple sources," including case law, rules adopted by the Court, and statutes enacted by the Legislature), clarified, In re Fla. Evidence Code, 376 So. 2d 1161 (Fla. 1979).[13]  Rather, the section 766.102 requirements, none of which this Court has adopted,[14] are part of the legislative scheme for medical malpractice actions codified in chapter 766, Florida Statutes.

---

requirements for expert witnesses testifying on the standard of care for emergency room physicians).

13.  See also Charles W. Ehrhardt, Ehrhardt's Florida Evidence § 102.1 (2016 ed.) (recognizing that Court adopts, to the extent procedural, provisions of the Evidence Code as they are adopted and amended by the Legislature "to avoid having the evidence rules scattered in piece-meal fashion in various statutes and rules of procedures" and to have "a single comprehensive set of rules").

14.  Prior to the Committee's 2013 recommendation to adopt section 766.102(12), see In re Amends. to the Fla. Evidence Code, 144 So. 3d at 536, the Committee had only made recommendations to the Court concerning legislative changes to the Evidence Code.  The Committee had never made recommendations concerning any of the section 766.102 expert-witness requirements.  See Ehrhardt, supra, at § 102.1 (as reporter and primary drafter of the Florida Evidence Code and first chair of the Committee, recognizing that Committee's recommendation concerning the section 766.102(12) expert-witness requirement "was unique" because "[s]ince its inception, the Committee believed its jurisdiction was limited to provisions of the Evidence Code" and noting that, for example, "the many amendments to the accident report privilege in section 316.066 and the rape shield statute in section 794.022 were never within scope of the [C]ommittee's recommendations").

It is likewise significant that this Court also has never adopted, to the extent it may be procedural, the section 766.102(14), Florida Statutes (2012), recognition of a trial court's authority to qualify or disqualify an expert witness in a medical malpractice case on grounds other than those specified in section 766.102. Therefore, there is no reason for this Court to now adopt the repeal of that legislation to the extent that repeal might impact court procedure. Finally, we do not address the substantive/procedural issue raised here because whether the Legislature's amendments to section 766.102(5)(a) and repeal of section 766.102(14) somehow run afoul of the trial court's inherent power or this Court's rule-making authority must be left for a proper case or controversy and not decided in this rules case. See In re Amends. to Fla. Evidence Code, 782 So. 2d at 341.

**Amendments to Section 90.803(24)**

Chapter 2014-200, section 1, Laws of Florida, amended section 90.803(24) (Hearsay Exceptions; availability of declarant immaterial; Hearsay exception; statement of elderly person or disabled adult), Florida Statutes, the hearsay exception relating to reports of abuse by elderly persons or disabled adults. The amendment to section 90.803(24) removes the alternative requirement that an elderly person or disabled adult testify, only requiring that such individuals be unavailable to do so. The Committee recommends that the Court adopt that legislation, to the extent it is procedural.

Notwithstanding its recommendation, the Committee notes in its report that the statutory change raises constitutional issues: "The amended statute would remain unconstitutional as to testimonial[15] statements in criminal cases where there has been no opportunity for prior cross-examination while it eliminates (potentially) constitutionally permissible application to nontestimonial[16] statements in the criminal context and all applicable statements in civil cases." While the Committee concludes that case law, including Crawford v. Washington, 541 U.S. 36 (2004), and State v. Hosty, 944 So. 2d 255 (Fla. 2006), imposes the requirement of an opportunity for cross-examination regarding testimonial statements in criminal cases, we decline to adopt this amendment, to the extent it is procedural, in light of constitutional concerns. See In re Amendments to Fla. Evidence Code, 782 So. 2d at 342 (declining to adopt chapter 98-2, section 1, Laws of Florida, amending section 90.803(22), Florida Statutes, which allows the

---

15. "Testimonial" statements include but are not limited to "material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially" as well as extrajudicial statements "contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions." Crawford v. Washington, 541 U.S. 36, 51-52 (2004).

16. "Nontestimonial" statements include those that, objectively considered, were given to, for example, police or a 911 operator describing what was actually happening at the time and to enable police assistance to meet an ongoing emergency. See Davis v. Washington, 547 U.S. 813, 826-27 (2006).

admission of former testimony although the declarant is available as witness, in part because of concerns about its constitutionality).

## CONCLUSION

Accordingly, for the forgoing reasons, we decline to adopt, to the extent they are procedural, chapters 2013-107, sections 1 and 2; 2013-108, section 2; and 2014-200, section 1, Laws of Florida.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, and QUINCE, JJ., concur.
POLSTON, J., concurs in part and dissents in part with an opinion, in which CANADY, J., concurs.
LAWSON, J., did not participate.


POLSTON, J., concurring in part and dissenting in part.

I respectfully dissent because, unlike the majority, I would adopt the Daubert standard as the Legislature amended the Florida Evidence Code in 2013.[17] The majority rejects replacing the Frye standard with the Daubert standard and gives its reason for doing so as "grave constitutional concerns" about the Daubert standard, including undermining the right to a jury trial and denying access to courts. However, the United States Supreme Court decided Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), in 1993, and the standard has been

---

17. I agree with the majority's decision to decline to adopt the same specialty and hearsay exception amendments.

- 15 -

routinely applied in federal courts ever since.  The clear majority of state jurisdictions also adhere to the Daubert standard.  See 1 McCormick on Evidence § 13 (7th ed. June 2016 Supp.).  In fact, there are 36 states that have rejected Frye in favor of Daubert to some extent.  See Charles Alan Wright & Victor Gold, 29 Federal Practice and Procedure § 6267, at 308-09 n.15 (2016).  Has the entire federal court system for the last 23 years as well as 36 states denied parties' rights to a jury trial and access to courts?  Do only Florida and a few other states have a constitutionally sound standard for the admissibility of expert testimony?  Of course not.

As a note to the federal rule of evidence explains, "[a] review of the caselaw after Daubert shows that the rejection of expert testimony is the exception rather than the rule."  Fed. R. Evid. 702 advisory committee's note to 2000 amendment.  "Daubert did not work a 'seachange over federal evidence law,' and 'the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system.' "  Id. (quoting United States v. 14.38 Acres of Land, 80 F.3d 1074, 1078 (5th Cir. 1996)).

Furthermore, I know of no reported decisions that have held that the Daubert standard violates the constitutional guarantees of a jury trial and access to courts.  To the contrary, there is case law holding that the Daubert standard does not violate the constitution.  See, e.g., Junk v. Terminix Int'l Co., 628 F.3d 439,

450 (8th Cir. 2010) (rejecting legal merit of the constitutional claim "that the district court violated [appellant's] Seventh Amendment right to a jury trial by improperly weighing evidence in the course of its Daubert rulings" and explaining that "Junk does not cite any case for the notion that a proper Daubert ruling violates a party's right to a jury trial"); E.I. du Pont de Nemours & Co. v. Robinson, 923 S.W.2d 549, 558 (Tex. 1995) (rejecting claim "that allowing the trial judge to assess the reliability of expert testimony violates [the parties'] federal and state constitutional rights to a jury trial by infringing upon the jury's inherent authority to assess the credibility of witnesses and the weight to be given their testimony"); see also Gen. Elec. Co. v. Joiner, 522 U.S. 136, 142-43 (1997) (rejecting "argument that because the granting of summary judgment in this case was 'outcome determinative,' it should have been subjected to a more searching standard of review" and explaining that, while "disputed issues of fact are resolved against the moving party[,] . . . the question of admissibility of expert testimony is not such an issue of fact").

Accordingly, the majority's and the committee's "grave constitutional concerns" regarding the Daubert standard are unfounded. We should adopt the Daubert standard as amended in the Florida Evidence Code by the Legislature in 2013.

CANADY, J., concurs.

- 17 -

Original Proceedings – Florida Bar Code and Rules of Evidence Committee

Gregory Paul Borgognoni, Chair, Code and Rules of Evidence Committee, Borgognoni Law, PL, Coral Gables, Florida; Peter Anthony Sartes, II, Past Chair, Code and Rules of Evidence Committee, Law Offices of Tragos, Sartes & Tragos, Clearwater, Florida; Perry Michael Adair, Vice-Chair, Code and Rules of Evidence Committee, Becker & Poliakoff, P.A., Coral Gables, Florida; Patricia M. Dodson, Vice-Chair, Code and Rules of Evidence Committee, Ponte Vedra, Florida; James Norcross Floyd, Vice-Chair, Code and Rules of Evidence Committee, City Attorney's Office, Tallahassee, Florida; John Wayne Hogan, Code and Rules of Evidence Committee, Terrell Hogan, Jacksonville, Florida; Andrew Hamilton, Code and Rules of Evidence Committee, Andrew Hamilton, P.A., Tampa, Florida; Judge Claudia Rickert Isom, Thirteenth Judicial Circuit, Code and Rules of Evidence Committee, Tampa, Florida; and John F. Harkness, Jr., Executive Director, and Krys Godwin, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Michael R. Alford, Senior Vice President/Deputy General Counsel, on behalf of Raymond James Financial, Inc., Saint Petersburg, Florida; Moises Melendez of Sedgwick LLP, Fort Lauderdale, Florida; Jane Anderson and Andrew Abramovich of Boyd & Jenerette, P.A., Jacksonville, Florida; Mark R. Antonelli of Gaebe, Mullen, Antonelli & Dimatteo, Coral Gables, Florida; Lewis F. Collins, Jr. of Butler Weihmuller Katz Craig LLP, Tampa, Florida; Michael J. Corso of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, Florida; Michael Ross D'Lugo and Richards Huff Ford of Wicker Smith O'Hara McCoy & Ford, P.A., Orlando, Florida; Peter Reed Corbin of Ford & Harrison LLP, Jacksonville, Florida; Patrick Edward Quinlan of Searcy Denney Scarola Barnhart & Shipley, P.A., West Palm Beach, Florida; Richard Paul Pravato of Law Office of Wolf & Provato, Fort Lauderdale, Florida; Brett J. Yonon of Law Office of Wolf & Pravato, Fort Lauderdale, Florida; Vincent Joseph Pravato of Law Office of Wolf & Pravato, Fort Lauderdale, Florida; Brian Harris Malamud of Law Office of Wolf & Pravato, Fort Lauderdale, Florida; Stephen Fink, Hollywood, Florida; Walter Gary Meloon, Orlando, Florida; Jose M. Rubio, Jr., Mascotte, Florida; Sam Arledge, Odessa, Florida; Richard May, Quincy, Florida; John Gory, Ocala, Florida; John Yunker, Osprey, Florida; Alan Chandler, Newberry, Florida; Dannie Griffin, Panama City, Florida; Dan Johnson, Sarasota, Florida; Richard Carroll, Rockledge, Florida; Richard Feagle, Archer, Florida; Cherly Kluesener, Mount Dora, Florida; Steve Hatfield, Sanibel, Florida; Tommy Pippin, Panama City,

- 18 -

Florida; Bob Mercer, Orlando, Florida; William Cowherd, Edgewater, Florida; Laura Mitchell, Cantonment, Florida; Tim Loughran, Oviedo, Florida; Jim Rackley, Jr., Tallahassee, Florida; Lloyd Johnson Sarber, III of Marks Gray, P.A., Jacksonville, Florida; Tim Barter, Bradenton, Florida; Nate Oglesby, Winter Garden, Florida; Jim Dietrich, Saint Cloud, Florida; Jo-Ann Taylor, Islamorada, Florida; Tim Dozier, Zephyrhills, Florida; Sandrine Kouyessein, Port Saint Lucie, Florida; Charles G. Fairbanks, Jr., Anthony, Florida; Grover McKee, Jr., Tallahassee, Florida; Pam Willis, Monticello, Florida; Carolina Diaz, Naples, Florida; Bob Nelson, Saint Augustine, Florida; Kjhh Hodges, Pompano Beach, Florida; Mike Jakubowski, North Port, Florida; Judy Powers, West Palm Beach, Florida; Brenda C. Smith, Punta Gorda, Florida; Mike Jensen, Orlando, Florida; Kevin Wheeler, Alva, Florida; Virginia Murphy, East Palatka, Florida; Frank Sweeney, Bradenton, Florida; Brice R. Holladay, Jacksonville, Florida; Michelle Smith, Winter Springs, Florida; Paul Scholer, Miami, Florida; Jack Chason, Tallahassee, Florida; James Baker, Jacksonville, Florida; Jess Dade, Ruskin, Florida; Mark De Jong, Bradenton, Florida; Gary Kallmeyer, Haines City, Florida; Uma Lekhram, Plant City, Florida; Ralph T. Rogers, Milton, Florida; Stephen Jones, Gainesville, Florida; Stephen Stump, Ocala, Florida; Brian Hershberger, Ocala, Florida; Glenn Birket, Orlando, Florida; Jerry E. Pierce, Winter Park, Florida; Steven A. Nisbet, Labelle, Florida; Jay Stees, Dunnellon, Florida; Gordon Koegler of Law Offices of Gordon Koegler, P.A., Fort Lauderdale, Florida; Scott Marlo Newmark of Carner, Newmark & Cohen, LLP, Fort Lauderdale, Florida; David Haase, Lakeland, Florida; Rodger Mena, Lake City, Florida; David Batson, Jr., Tallahassee, Florida; Alan Cody, Fort Myers, Florida; Margaret Bigham, Gulf Breeze, Florida; Terri Alba, Plant City, Florida; Susan Soverns, Hollywood, Florida; Tina M. Noll, Dade City, Florida; Kelley Olson, Tallahassee, Florida; Roy Buncome, Fleming Island, Florida; Bob Dervaes, Yulee, Florida; Nancy J. Goulah, Tampa, Florida; Francis Morton McDonald, Jr. of McDonald Toole Wiggins, P.A., Orlando, Florida; Howard Gardner Butler of Butler Law Group, Jacksonville, Florida; David Robert Heil of David R. Heil, P.A., Winter Park, Florida; James Graber, Longwood, Florida; Jeff Godwin, Indialantic, Florida; John Doble, Odessa, Florida; James Richard Caldwell, Jr. of Rumberger Kirk & Caldwell, P.A., Tampa, Florida; Charles Henry Baumberger of Rossman, Baumberger, Reboso & Spier, P.A., Miami, Florida; Spencer Hal Silverglate of Clarke Silverglate, P.A., Miami, Florida; Tara C.F. Ryan, PhRMA, Washington, District of Columbia; J. David Williams, Progressive Insurance, Mayfield Village, Ohio; James M. Graber, Apopka, Florida; Jonathan Moore, Winter Park, Florida; Robert N. LaFontaine, Fort Myers, Florida; Lynn Hileman, Jacksonville Beach, Florida; Mikaela Olsen, Winter Garden, Florida; Debra Kneiss, Dania Beach, Florida; Terry Cole of Gunster, Yoakley & Stewart, P.A., Tallahassee, Florida; Wendy Frank Lumish of

Bowman and Brooke LLP, on behalf of Florida Attorneys of Bowman and Brooke LLP, Coral Gables, Florida; Mark Hicks and Mary Joanna Gniadek of Hicks, Porter, Ebenfeld & Stein, P.A., Miami, Florida, on behalf of The Doctors Company; Douglas Malcolm McIntosh and Kimberly Kanoff Berman of McIntosh, Sawran & Cartaya, P.A., Fort Lauderdale, Florida; Dana Brooks Cooper of Barrett, Fasig & Brooks, Tallahassee, Florida; Sean Christopher Domnick of Domnick Cunningham & Whalen, Palm Beach Gardens, Florida; Michael John Thomas of Pennington P.A., Tallahassee, Florida; Brian Orr Sutter of All Injuries Law Firm, PA, Port Charlotte, Florida; Thomas Stoneham Edwards, Jr. of Edwards & Ragatz, P.A., Jacksonville, Florida, and Courtney Kneece Grimm of Bedell, Dittmar, Devault, Pillans & Coxe, P.A., Jacksonville, Florida, and Thomas Edward Bishop of Tanner Bishop, Jacksonville, Florida, on behalf of The Trial Lawyers Section of The Florida Bar; Gary M. Farmer, Sr. of Farmer Jaffe Weissing Edwards Fistos & Lehrman P.L., Fort Lauderdale, Florida; Howard Coleman Coker of Coker, Schickel, Sorenson, Posgay, Camerlengo & Iracki, P.A., Jacksonville, Florida; Joseph B. Jones of Shapiro Law Group, Bradenton, Florida; Jonathan Adam Huth of Murphy Anderson, Jacksonville, Florida; Lawton R. Graves of Murphy Anderson, Jacksonville, Florida; Nicole Tucker Melvani of Murphy Anderson, Jacksonville, Florida; Davis Daniel Balz of Murphy Anderson, Jacksonville, Florida; Gerald Anthony Giurato of Murphy Anderson, Jacksonville, Florida; Niels Murphy of Murphy Anderson, Jacksonville, Florida; William Newton Shepherd of Holland & Knight LLP, West Palm Beach, Florida; Gregory Robert Miller of Beggs & Lane RLLP, Tallahassee, Florida, Pamela Cothran Marsh of Berger Singerman, LLP, Tallahassee, Florida, A. Brian Albritton of Phelps Dunbar, Tampa, Florida, Marcos Daniel Jimenez D'Clouet of McDermitt Will & Emery, LLP, Miami, Florida, Neal Russell Sonnett of Neal R. Sonnett, P.A., Miami, Florida, James E. Felman of Kynes Markman & Felman, Tampa, Florida, Michael S. Pasano of Carlton Fields Jorden Burt, Miami, Florida, and Bruce Martin Lyons of Law Offices of Bruce M. Lyons, Fort Lauderdale, Florida; Nathaniel Edward Green of Nathaniel E. Green, P.A., Fort Lauderdale, Florida; John Allen Attaway, Jr., Publix Super Markets, Inc., Lakeland, Florida; T. Rankin Terry, Jr., Fort Myers, Florida; Henry Salas and David Orestes Caballero of Cole Scott & Kissane, P.A., Miami, Florida, on behalf of Cole, Scott & Kissane, P.A.; Kurt Eugene Lee of Kurt E. Lee, PL, Sarasota, Florida; Cecil Pearce, Tallahassee, Florida, on behalf of Florida Insurance Council; Daniel A. Murphy of Shapiro, Goldman, Babboni & Walsh, Bradenton, Florida, on behalf of Shapiro, Goldman, Babboni & Walsh; George N. Meros, Jr. and Andy Velosy Bardos of GrayRobinson, P.A., Tallahassee, Florida, and William W. Large of Florida Justice Reform Institute, Tallahassee, Florida, on behalf of Florida Justice Reform Institute; Erin O'Dell O'Brien, Jacksonville, Florida, on behalf of CSX Transportation, Inc.; Craig S.

Hudson of Marshall Dennehey Warner Coleman & Goggin, Fort Lauderdale, Florida; Anthony Hunter Quackenbush of Kelley Uustal Trial Attorneys, Fort Lauderdale, Florida; James William Guarnieri, Jr. of Guarnieri Law Firm, PA, Brandon, Florida; Troy Alan Rafferty of Levin Papantonio Thomas Mitchell Rafferty & Proctor, P.A., Pensacola, Florida, on behalf of Florida Justice Association; Patrick Stephen McArdle of Grossman Roth & Partridge on behalf of Grossman Roth Yaffa & Cohen, P.A., Sarasota, Florida; Hayden Patrick O'Byrne of K&L Gates, LLP, Miami, Florida; Susan K. Spurgeon of Pennington, P.A., Tampa, Florida; Charles M. Trippe, Jr., Jacksonville, Florida, on behalf of Carol Ann Licko, Raquel A. Rodriguez, Paul C. Huck, Jr., Jason B. Gonzalez, Erik M. Figlio, and Jesse M. Panuccio; E. G. (Gerry) Morris, Austin, Texas, Bruce Lyons, Fort Lauderdale, Florida, Neal R. Sonnett, Miami, Florida, and Jeffrey S. Weiner, Miami, Florida, on behalf of the National Association of Criminal Defense Lawyers; Julianne M. Holt, Tampa, Florida, on behalf of the Florida Public Defender's Association, Inc.; Rodolfo Sorondo, Jr. of Holland & Knight LLP, West Palm Beach, Florida, Roy Carroll Young of Young, Vanassenderp & Qualls, P.A., Tallahassee, Florida, and Bill Herrle, Tallahassee, Florida, on behalf of The National Federation of Independent Business/Florida and The Florida Chamber of Commerce; John Fletcher Romano of Romano Law Group, West Palm Beach, Florida, on behalf of Romano Law Group; Patrick Alexander Gillen of Newsome Melton, Orlando, Florida; William Carl Ourand, Jr. of Newsome Melton, Orlando, Florida; Laurie J. Briggs, West Palm Beach, Florida; Diana Santa Maria of Law Offices of Diana Santa Maria, P.A., Fort Lauderdale, Florida; Todd Jordan Michaels of the Haggard Law Firm, Coral Gables, Florida, on behalf of Todd Jordan Michaels and The Haggard Law Firm; Seth Elliot Miller, Tallahassee, Florida, on behalf of Innocence Project of Florida, Inc.; Leslie Mitchell Kroeger of Cohen Milstein Sellers & Toll PLLC, Palm Beach Gardens, Florida; Robert F. Spohrer of Spohrer & Dodd, Jacksonville, Florida; Robert Mark Brochin of Morgan, Lewis & Bockius LLP, Miami, Florida; David J. Halberg of David J. Halberg, P.A., West Palm Beach, Florida; Belvin Perry, Jr. of Morgan & Morgan, Orlando, Florida; Corinne Cotton Hodak of Corinne C. Hodak, P.A., Jacksonville, Florida; Robert Frank Melton, II of Newsome Melton, Orlando, Florida; Robert Eric Bilik of McGuireWoods LLP, Jacksonville, Florida, on behalf of McGuireWoods LLP; Michael Jason Winer of the Law Office of Michael J. Winer, Tampa, Florida, on behalf of the Workers' Compensation Section of The Florida Bar; Timothy Michael Moore of Shook Hardy & Bacon, Miami, Florida; Mark Kenneth Delegal of Holland & Knight LLP, Tallahassee, Florida, on behalf of Chubb, Cook Group Incorporated, The Dow Chemical Company, Eli Lilly and Company, Glaxosmithkline LLC, Metlife, Inc., Novo Nordisk Inc., Smiths Group, State Farm Mutual Automobile Insurance Company, Walgreens, Zimmer Biomet,

and American Tort Reform Association; Tiffany Roddenberry of Holland & Knight, Tallahassee, Florida, on behalf of American Coatings Association, Inc., Astrazeneca Pharmaceuticals LP, Boston Scientific Corporation, Brunswick Corporation (Boston Whaler, Sea Ray, Brunswick Commercial & Government Products, and Mercury Marine), Caterpillar, Inc., CSX Transportation, Inc., Deere & Company, Eli Lilly and Company, Ford Motor Company, Georgia-Pacific LLC, Hyundai Motor America, Johnson & Johnson, Merck & Company, Inc., Norfolk Southern Corporation, Novartis Pharmaceuticals Corporation, and Pfizer, Inc.; Matthew Kerry Schwencke, West Palm Beach, Florida, on behalf of Searcy Denney Scarola Barnhart & Shipley, PA; Gregory William Coleman of Critton Luttier and Coleman, West Palm Beach, Florida, on behalf of Past Presidents of The Florida Bar and other members of The Florida Bar; Dan Cytryn of Law Offices of Cytryn & Velazquez, P.A., Coral Springs, Florida; Eric Harald Faddis and Tiffany Marie Faddis of Faddis & Faddis, P.A., Orlando, Florida; Walter Gordon Campbell, Jr. of Krupnick Campbell Malone Buser Slama Hancock Liberman, P.A., Fort Lauderdale, Florida; Brian Christopher Costa of Alvarez, Carbonell, Feltman & Da Silva P.L., Coral Gables, Florida; Stephen George Charpentier of Charpentier Law Firm, P.A., Melbourne, Florida; Edward Vincent Ricci of Searcy Denney Scarola Barnhart & Shipley, P.A., West Palm Beach, Florida; James Read Holland, II of Harrell & Harrell, P.A., Jacksonville, Florida; Pete Hutchison Brock, II of Brock Law, LLC, Wesley Chapel, Florida; Daniel H. Perez of Alvarez, Carbonell, Feltman & Da Silva P.L., Coral Gables, Florida; Robert D. Melton of Robert D. Melton P.A., Orlando, Florida; Jack Roy Reiter of GrayRobinson, P.A., Miami, Florida; Stephen Ashley Barnes of Barnes Trial Group, Tampa, Florida, on behalf of Stephen Ashley Barnes and Barnes Trial Group; Howard Kraft Pita of Pita Weber Del Prado, Miami, Florida; William Patrick Geraghty and Daniel Francis Molony of Shook Hardy & Bacon L.L.P., Miami, Florida, on behalf of the Florida Attorneys of Shook, Hardy & Bacon L.L.P.; Gregory Andrew Reed of Simon, Reed & Salazar, P.A., Miami, Florida, on behalf of Simon Reed & Salazar, P.A.; Charles Emmanuel Fombrun of Alvarez, Carbonell, Feltman & Da Silva P.L., Coral Gables, Florida; Morgan Wood Streetman of Streetman Law, Tampa, Florida; Ryan Sean LeMontang of Alvarez, Carbonell, Feltman & Da Silva P.L., Coral Gables, Florida; Stephen Eugene Mahle of Stephen Mahle, P.A., Boca Raton, Florida; Elizabeth Walker Finizio of Finizio & Finizio, PA, Fort Lauderdale, Florida; Stephen Watrel of Steve Watrel, P.A., Jacksonville, Florida; Julie Braman Kane of Colson Hicks Eidson, Coral Gables, Florida; Christina Marrero of Alvarez, Carbonell, Feltman & Da Silva P.L., Coral Gables, Florida; The Honorable Garrett Richter, President Pro Tempore, The Florida Senate, Tallahassee, Florida; Robert L. Simmons, Saint Petersburg, Florida, on behalf of Allstate Insurance Company; Kenneth Andrew Stoller,

Washington, District of Columbia, on behalf of American Insurance Association; The Honorable Larry Metz, The Florida House of Representatives, Tallahassee, Florida; David E. Bright, Washington, District of Columiba, on behalf of Alliance of Automobile Manufacturers and Charles H. Haake, Washington, District of Columbia, on behalf of Association of Global Automakers; Bryan Scott Gowdy of Creed & Gowdy, P.A., Jacksonville, Florida; Carlos Jesus Martinez, Public Defender, and John Eddy Morrison, Assistant Public Defender, Eleventh Judicial Circuit, Miami, Florida, on behalf of The Florida Public Defender Association, Inc.,

    Responding with Comments